

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AIKLEINBERG@SOKOLOFFSTERN.COM

August 13, 2015

<u>Via ECF</u>
Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re: *Gym Door Repairs, et al. v. Young Equip. Sales, et al.*
        Docket No. 15-cv-4244 (JGK)(AJP)
        File Nos. 150066N/150066S

Your Honor:

  We represent defendants Eastern Suffolk BOCES[1] ("ESBOCES") and Nassau County BOCES ("Nassau BOCES"). We write to request the Court hold a pre-motion conference pursuant to Your Honor's Individual Practices, during the scheduled September 9, 2015 conference. We anticipate moving to dismiss the First Amended Complaint against the defendant BOCES under Fed. R. Civ. P. 12(b)(6). We will alternatively move to sever the claims and transfer venue to the Eastern District of New York should any claim against either BOCES survive.

  Plaintiffs sell and maintain an automatic gym door partition safety device called Safe Path Systems. They claim ESBOCES and Nassau BOCES induced patent, copyright, and trademark infringement, engaged in unfair competition, and tortiously interfered with plaintiffs' business. Plaintiffs' four causes of action are based on the BOCES' administration of their respective cooperative bidding programs and alleged failure to enforce New York Education Law regulations as interpreted by plaintiffs. All four claims fail as a matter of law.

<u>PLAINTIFFS ALLEGE ALMOST NO FACTS REGARDING NASSAU BOCES</u>

  Plaintiffs amended their complaint to correct the untrue allegation that Nassau BOCES administered 2009-10 and 2010-13 bids for the maintenance of Safe Path Systems. (Compl. ¶¶ 83-84.) In connection with the amendment, plaintiffs' counsel wrote to the Court that the amendments did not "change the underlying substance of the allegations against Nassau BOCES." (Dkt. No. 48.) This improperly minimizes the amendment's significance. Following the amendment, the entire factual basis for the claims against Nassau BOCES is a single conversation and Nassau BOCES' decision not to intervene in *other* cooperative bids to remedy what plaintiffs claimed was a violation of the Education Law and their intellectual property

---

[1] Defendants are incorrectly sued as "BOCES." The acronym stands for Board of Cooperative Educational Services.

SOKOLOFF STERN LLP

Honorable John G. Koeltl
August 13, 2015
Page 2 of 4

rights.  (Amend. Compl., ¶¶ 81-82.)  Such scant factual allegations are insufficient to support plaintiffs' causes of action against Nassau BOCES.

**PATENT INFRINGEMENT**

Plaintiffs do not state a claim for inducement of patent infringement against either BOCES.  First, plaintiffs' underlying patent infringement claims fail under the repair doctrine.  *See Medeco Sec. Locks, Inc. v. Lock Tech. Corp.*, No. 75 CIV 0963 (CLB), 1976 WL 21034, at *5 (S.D.N.Y. Dec. 27, 1976).  Second, mere knowledge of possible infringement by others does not amount to inducement. Specific intent and action to induce infringement must be proven.  *See Bayer Schera Pharma AG v. Sandoz, Inc.*, 741 F. Supp. 2d 541 (S.D.N.Y. 2010).  Plaintiffs claim that the BOCES defendants became aware of possible infringement via their cooperative bids and did not prevent it is insufficient to state an inducement claim.  And for the claims against ESBOCES, plaintiffs admit their patent expired in October 17, 2011, (Amend. Compl. ¶ 27), but did not complain of possible infringement to ESBOCES until "October 2011."  (Amend. Compl. ¶ 67.)  Accordingly, plaintiffs cannot establish the requisite elements of knowledge and intent against ESBOCES for any time period that is not *de minimis*.

**COPYRIGHT INFRINGEMENT**

Plaintiffs' contributory copyright infringement claims against the BOCES defendants are also without merit.  As with their patent infringement claim, the copyright claims fail because they cannot show an underlying infringement as necessary for a contributory claim.  17 U.S.C. § 107, the "Fair Use" defense, sets forth criteria to allow for the unauthorized reproduction of copyrighted material for "purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research."  Any reproduction of the copyrighted material in question – instructions and related material for the maintenance and repair of Safe Path Systems – by State created educational institutions for the purposes of student safety certainly falls within this exception.  Plaintiffs' attempts to preclude the use of maintenance instructions by schools or districts which purchased their safety system is preposterous and contrary to the inherent purpose of the safety regulations they purport to champion.

**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiffs' Lanham Act claims against the BOCES defendants arising out of the maintenance of the Safe Path System fail as a matter of law because "a repair for an owner's personal use would not fall within the scope of the Lanham Act because such repairs do not trade upon the goodwill of a trademark holder."  *Cartier, a Div. of Richemont N. Am., Inc. v. Symbolix, Inc.*, 454 F. Supp. 2d 175, 184 (S.D.N.Y. 2006).  Even still, the complaint contains no allegation that either BOCES even requested bids for the maintenance of Safe Path Systems – the apparent basis for the Lanham Act claim. (Amend. Compl., ¶ 147-48.)  Plaintiffs' claims under New York General Business Law §§ 133 and 360-L fail for the same reasons.  Plaintiffs' General Business Law § 349 claims fail because "[i]t is well-established that trademark infringement

SOKOLOFF STERN LLP

Honorable John G. Koeltl
August 13, 2015
Page 3 of 4

actions alleging only general consumer confusion do not threaten … direct harm to consumers for purposes of stating a claim under [General Business Law §] 349." *Luv N' Care, Ltd. v. Walgreen Co.*, 695 F. Supp. 2d 125, 136 (S.D.N.Y. 2010).

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

Plaintiffs' state law tort claims (and state law statutory claims) against the defendant BOCES are subject to dismissal because they filed suit before sitting for their 50-h.  But the tortious interference claims are also time-barred.  The Education Law provides any "action or special proceeding founded upon tort shall be prosecuted or maintained" against any school district or BOCES "shall be commenced pursuant to the provisions of section fifty-i of the general municipal law."  N.Y. Educ. Law § 3813.  And "section 50–i creates an exception to the statutes of limitations in CPLR §§ 214 and 215 for certain negligent and intentional torts committed by a 'city, county, town, village, fire district or school district or of any officer, agent or employee thereof'…. [imposing a shorter] statute of limitations period of one year and ninety days."  *Harris v. Town of Islip Hous. Auth.*, No. 10-CV-0843 ADS GRB, 2012 WL 1155804, at *3 (E.D.N.Y. Apr. 5, 2012).  Because plaintiffs' allegations against BOCES all pre-date the year and ninety day limitations period beginning on March 4, 2014, the applicable statute of limitations precludes their tort claims.

The tortious interference claims are also substantively baseless.  The claim requires a plaintiff to show that "the defendant interfered with [plaintiff's] business relations" with a third party by "act[ing] for a wrongful purpose or us[ing] dishonest, unfair, or improper means.  *RFP LLC v. SCVNGR, Inc.*, 788 F. Supp. 2d 191, 195 (S.D.N.Y. 2011).  Here, plaintiffs complain that the defendant BOCES failure to advocate for plaintiffs or make requested changes to other bidders' submissions interfered with their business with each BOCES' component districts.  But the defendant BOCES' alleged failure to advance plaintiffs' business interests in their own or other entities' cooperative bidding programs cannot sustain a showing of "wrongful purpose" or "dishonest, unfair, or improper means."  *See Friedman v. Coldwater Creek, Inc.*, 321 F. App'x 58, 60 (2d Cir. 2009) (a defendant's conduct must amount to a crime or an independent tort in order to amount to tortious interference).

### MOTION TO SEVER AND CHANGE VENUE

We plan to alternatively move to sever the claims under Fed. R. Civ. P. Rule 21 and to change venue under 28 U.S.C. § 1404 should any claim against either BOCES survive.  The claims against each BOCES arise out of entirely separate facts or occurrences than those against the other defendants.  And all relevant parties, witnesses, and events to those claims are in in Nassau or Suffolk counties, within the jurisdiction of the District Court for the Eastern District of New York.

SOKOLOFF STERN LLP

Honorable John G. Koeltl
August 13, 2015
Page 4 of 4

      Thank you for your consideration of our request.

                                      Respectfully submitted,

                                      SOKOLOFF STERN LLP

cc:    All parties (via ECF)                ADAM I. KLEINBERG