

| | | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Scott Glotzer<br>Assistant Corporation Counsel<br>Tel: (212) 356-2536<br>Fax: (212) 356-2049<br>sglotzer@law.nyc.gov |

August 14, 2015

Via ECF
Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1030
New York, NY 10007-1312

      Re:    Gym Door Repairs, Inc., et ano. v. Young Equipment Sales, Inc. et al.
               15-cv-4244 (JGK)

Dear Judge Koeltl:

      On behalf of defendant New York City Department of Education ("NYCDOE") and in accordance with Your Honor's Individual Practices, we write to request a pre-motion conference to discuss the NYCDOE's intended Rule 12 (b) (6) motion to sever and dismiss all of the claims asserted against it in this action by Plaintiffs Gym Door Repairs, Inc. ("GDRI") and Safepath Systems LLC ("SPS") because the claims arise from the same transactions alleged in an action presently pending in this Court before Judge Sweet, Gym Door Repairs, Inc. and SafePath Systems LLC v. New York City Department of Education, et al., 12-cv-7387 (RWS), and therefore constitute impermissible claim splitting. See Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'"). Additionally, the claims fail to state a claim upon which relief can be granted.

      The Complaint in this action (ECF Doc.1) purports to allege federal claims against the NYCDOE for patent, copyright and trademark infringement, as a well as a pendent state law claim for tortious interference with business relationships. There are 18 named defendants in this action, including 4 school district defendants (Eastern Suffolk BOCES, Nassau BOCES, Bellmore Public Schools and the NYCDOE), 10 vendor defendants (corporate entities and individually named executive officers), a state agency and several trade groups. There is no

Hon. John G. Koeltl
August 14, 2015

substantial nexus between the claims asserted against the NYCDOE and the Long Island school district defendants. The named defendants in the prior pending action are the NYCDOE, the Chancellor, the New York City School Construction Authority and various individually named NYCDOE officers and employees.

The NYCDOE's time to answer the Complaint has been extended to August 14, 2015 (ECF Doc. 15). In an effort to avoid unnecessary motion practice, we asked Plaintiffs' counsel to voluntarily dismiss the claims against the NYCDOE without prejudice and seek leave to assert the claims in the pending action. Plaintiff rejected the request on the theory that "[s]evering NYCDOE from the other defendants and bringing the infringement and tortious interference claims against the NYCDOE before Judge Sweet could result in inconsistent rulings and does not serve the interests of judicial economy." This argument has no merit.

Plaintiffs' claims against the NYCDOE in both actions are premised on Plaintiffs' alleged ownership of exclusive intellectual property rights to a patented folding partition gym door system, which it calls The Safe Path System, that was properly installed in many NYCDOE schools, but is allegedly now being unlawfully serviced and maintained by either the schools themselves or vendors hired by the schools who are not certified and approved by Plaintiffs to provide such services. The core factual allegations against the NYCDOE in both actions are virtually identical, although arranged in a different order.

The Complaint acknowledges that there is a pending action arising from the same transactions, but seeks to avoid the issue of claim splitting by alleging: "In October of 2012, Plaintiffs filed a federal §1983 action against Defendants NYCDOE and NYSSCA (sic), John Shea, Volkert Braren, Chris Coyle, Chris D'Alimonte and Thomas Fanizzi for retaliation. That action is still pending. It seeks relief for civil rights violations that are different from the relief sought herein." The fact that Plaintiffs seek alternative relief does not avoid the issue of claim splitting.

Moreover, the following allegations from the Amended Complaint in the pending action before Judge Sweet show that Plaintiffs' intellectual property rights are at issue in the pending action:

> 22. At all times relevant herein, Plaintiffs possessed intellectual property rights related to the Safe Path System.
>
> 23. On September 14, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,244,030 ('030 Patent) for "Electrically Operated Folding Operable Walls."
>
> 24. On November 14, 1995, the United States Patent and Trademark Office issued Registration No. 1,935,394 for the mark, "THE SAFE PATH SYSTEM." SPS owns all right, title and interest in and to this mark.
>
> 25. At all times relevant herein, Plaintiffs possessed the exclusive authority, knowledge and expertise to ensure that each Safe Path system is manufactured, installed, serviced, repaired, and/or maintained properly.

Hon. John G. Koeltl
August 14, 2015

\* \* \*

  28. At all times relevant herein, GDRI was the <u>only</u> entity certified by SPS to install, inspect, service, repair, and/or maintain the Safe Path Systems located in the City.

  29. At all times relevant herein, Plaintiffs further owned the specific training materials for operation of the Safe Path System. . . . Only Plaintiffs or their authorized contractors, technicians and/or vendors can perform the necessary training for the Safe Path System. In the City, Plaintiffs are the only entities authorized to perform training for the Safe Path System.

  30. GDRI and SPS have not and did not demand fees that are excessive or unreasonable, given the costs associated with and the nature, size and scope of work to be performed on or relating to the Safe Path System.

\* \* \*

  48. Since beginning 2004 and continuing thereafter, Plaintiffs have repeatedly advised Defendants concerning Plaintiffs' rights as owners of the intellectual property of the Safe Path System. Further, in or around March 2011, Plaintiffs sent NYCDOE a letter again advising that GDRI is the only SPS certified contractor to provide the installation, inspection, service, repair, and/or maintenance of the Safe Path Systems. Plaintiffs further reminded Defendants about SPS's ownership of the trademark and other intellectual properties of the Safe Path System, including, but not limited to, its training materials, trademark, name and logo.

  49. Despite having received Plaintiffs' March 2011 letter, Defendants have continued to wrongfully hire and employ non-SPS certified or untrained contractors or technicians for inspection, service, repair, and/or maintenance of the installed Safe Path systems.

The prior pending action alleged claims for procedural and substantive due process violations under 42 U.S.C. § 1983, retaliation in violation of first amendment rights and separate claims for a prohibitory and mandatory injunctive relief, with only the first amendment claim surviving a motion to dismiss and appeal to the Second Circuit Court of Appeals. See <u>Safepath Sys. LLC v. New York City Dep't of Educ.</u>, 563 F. App'x 851, 855 (2d Cir. 2014); <u>Gym Door Repairs, Inc. v. N.Y. City Dep't of Educ.</u>, 2015 U.S. Dist. LEXIS 81168 (S.D.N.Y. June 22, 2015) (following remand).

The Complaint in this action adds claims against the Nassau and Eastern Suffolk school districts and various vendors and other defendants based on separate transactions unrelated to the NYCDOE. All of the new claims against the NYCDOE could and should have been asserted in the pending action before Judge Sweet. Considerations of docket management and judicial efficiency require that such claims be severed and dismissed without prejudice, so that Plaintiffs may seek leave to serve an amended complaint in the pending action. See <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000) ("a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or

Hon. John G. Koeltl
August 14, 2015

consolidate the two actions. Of course, simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.").

Plaintiffs are required to pursue all claims against the NYCDOE arising out of the same transactions in the same action. The Second Circuit has made it clear that a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Kanciper v. Suffolk County Society for the Prevention of Cruelty to Animals Inc., 722 F.3d 88, 93 (2d Cir. 2013) (quoting Curtis, 226 F.3d at 138-39) (a district court has authority to stay or dismiss a suit "as part of its general power to administer its docket" where the second suit "is duplicative of another federal court suit."). See also Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."). The addition of unrelated claims against Nassau and Suffolk County BOCES defendants and their contractors does not provide an excuse for avoiding the proper amendment procedure, nor does it permit re-litigating issues that have already been decided.

The patent, copyright and trademark infringement claims alleged against the NYCDOE in this action ignore Judge Sweet's ruling in the pending action that plaintiffs possess no protectable property right to perform work for the NYCDOE and that plaintiffs' theory of an exclusive right to perform maintenance and repair work is based on a misinterpretation of the applicable law and regulations. As stated in Judge Sweet's September 5, 2013 Opinion:

> [T]he mere fact that Plaintiffs unilaterally inserted language in their own maintenance instructions that expressly preclude anyone other than Plaintiffs from performing the maintenance, see Compl. ¶ 38, cannot have the effect of requiring Defendant to enter into a sole-source relationship with Plaintiffs. Accordingly, the language in the Regulation requiring that '[a]ll equipment must be maintained in accordance with the manufacturer's instructions' must be understood as mandating conformity with the *methods and procedures* prescribed by the manufacturer, rather than commanding that the manufacture be vested with the power to determine vendor selection.

(Case 1:12-cv-07387-RWS Doc. 35, filed 9/10/13). The Second Circuit affirmed this ruling, holding that "the mandates did not create an *individual* entitlement for plaintiffs that guaranteed an ongoing employment, contractual, or vendor relationship with the City." (Id., Doc. 46, filed 5/21/14). These rulings, which are now the law of the case, have preclusive effects on the claims raised in the instant action. Further, given these rulings, the assertion of infringement claims premised on the notion that the "installation, inspection, service, repair and/or maintenance of the Safe Path System [can] be performed only by certified maintenance technicians and/or contractors" (Compl. ¶ 52) constitutes patent, copyright and trademark abuse. Such abuse occurs when a plaintiff seeks to expand the limited scope of its monopolies under the patent, copyright and trademark laws to gain an improper and unfair competitive advantage. Plaintiffs have anticipated the argument, by alleging: "Plaintiffs have never demanded fees that are excessive or unreasonable . . . or otherwise abuse the rights and privileges conferred upon them under the patent and copyright laws of the United States." (Compl. ¶ 37).

4

Hon. John G. Koeltl
August 14, 2015

  In any event, the conclusory allegations in the complaint do not satisfy the Iqbal-Twombly plausibility standard. The infringement claims also lack factual specificity as required by Rule 8(a). Each of the infringement claims is deficient. The complaint contains no factual allegations concerning direct patent infringement to support a claim of indirect infringement by the NYCDOE. The patent infringement claim also ignores the repair doctrine, which gives the NYCDOE the absolute right to effect repairs to a patented device that it has purchased. See Aro Mfg. Co. v. Convertible Top Replacement Co., 365 U.S. 336 (1961). There is also no factual support for the conclusory allegation that the NYCDOE has improperly used copyrighted materials or violated any trademark rights.

  Thank you for your consideration of this request.

Very truly yours,

*/s/ Scott Glotzer*

Scott Glotzer
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)