PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

August 14, 2015

BY ECF

The Honorable John G. Koeltl
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *Gym Door Repairs, Inc. v. Young Equipment Sales*, No. 15-cv-4244 (JGK)

Dear Judge Koeltl:

We represent Defendant New York State School Facilities Association ("NYS SFA") in the above-referenced matter. In accordance with this Court's Individual Rules of Practice, we write to respectfully request a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## Preliminary Statement

Defendant NYS SFA "is a professional association of more than 600 directors of school facilities, facilities managers, head custodians and health and safety coordinators and other key school facilities personnel throughout New York State." Complaint at ¶ 15. NYS SFA has no employees and operates merely as a forum for its members to exchange ideas related to their professions. It is not a school, does not own, operate or maintain the gym door safety systems at issue in this case, and has no connection to any of the allegations in the Complaint, nor does the Complaint make any specific allegation against NYS SFA.

Specifically, there is no allegation in the Complaint that NYS SFA:

- used any product for which Plaintiffs purportedly held a patent, trademark or copyright ("Plaintiffs' Intellectual Property"),

- manufactured or installed any competing product that infringed on Plaintiffs' Intellectual Property, or

- maintained or repaired any product subject to Plaintiffs' Intellectual Property.

PADUANO & WEINTRAUB LLP

Hon. John G. Koeltl,
August 14, 2015
Page 2

There is simply no legal theory under which NYS SFA can be held liable for infringing on Plaintiffs' Intellectual Property and the Complaint is devoid of *any* specific allegations against NYS SFA.

Furthermore, Plaintiffs fail to allege any business relationship that *could have been* tortiously interfered with, let alone any interference with any business relationship by NYS SFA. There are simply no facts, and no theory of law, under which NYS SFA could be liable for tortious interference with Plaintiffs' business relationships.

**Plaintiff's Allegations**

In 2001, the New York State legislature passed, and the governor signed into law, Education Law § 409-f, which requires all public and private schools in New York State "to install and maintain safety devices on all electrically operated partition doors to stop the forward and stacking motion of the doors when a body or other object is present." Complaint ¶ 38. Plaintiffs allege that they are the owners of a patent covering mechanisms for ensuring the operation of the safety devices (the "'030 Patent")[1]. By Plaintiffs' own admission, the '030 Patent expired in October 2011.

Plaintiffs installed a number of their safety systems in school gyms throughout New York State. Plaintiffs allege that during the term of the '030 Patent, "Defendants" infringed the '030 Patent by putting out for bid maintenance contracts on the safety systems installed by Plaintiffs and that such actions on the part of "Defendants" infringed the '030 Patent because under the terms of both the '030 Patent and Education Law § 409-f, only Plaintiffs were permitted to perform maintenance procedures on the systems installed by Plaintiffs.

In the Complaint, Plaintiffs lump together all "Defendants," even though the Complaint names 19 different Defendants, comprising individuals, non-profit entities, and government agencies, and makes no attempt to distinguish the alleged actions of any one Defendant from any other. None of the specific allegations in the Complaint are made against NYS SFA.

---

[1] It is far from clear that Plaintiffs own the '030 Patent. The '030 Patent attached to the Complaint as <u>Exhibit 2</u> identifies Fred Cole and Stephen Cole as the inventors of the '030 Patent. Although Plaintiffs allege that "Plaintiff GDRI owns all right, title and interest in and to the '030 Patent," there is no indication in the records of the Patent and Trademark Office that the inventors ever transferred or assigned ownership of the '030 Patent to Plaintiff GDRI.

PADUANO & WEINTRAUB LLP

Hon. John G. Koeltl,
August 14, 2015
Page 3

The Complaint asserts causes of action for: patent infringement (Count I); copyright infringement (Count II); trademark infringement and unfair competition (Count III); and tortious interference with business relationships (Count IV).

### The Proposed Motion

Defendant NYS SFA intends to move to dismiss each of the causes of action in the Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

1. **The Complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8**

Under the notice pleading standard articulated by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), a plaintiff is not required to provide detailed factual allegations but is required to provide more than conclusory allegations that the defendant harmed him. To survive a motion to dismiss, a complaint must contain (1) enough facts to state a claim to relief that is plausible, (2) more than a formulaic recitation of a cause of action's elements, and (3) allegations that suggest a right to relief above a speculative level. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544. The Complaint in this case, however, does nothing more than make conclusory allegations against Defendant NYS SFA. NYS SFA is lumped in with 19 defendants – not all of whom are similarly situated – and the formulaic causes of action in the Complaint are asserted generally against all 19 Defendants, even though there are virtually no specific allegations against some Defendants, including NYS SFA. <u>See</u>, e.g., <u>Graham v. Distasio</u>, 2015 U.S. Dist. LEXIS 8163, *6-7 (E.D.N.Y. Jan. 23, 2015)("plaintiff has failed to meet the minimum requirements established by Rule 8 of the Federal Rules of Civil Procedure . . . Plaintiff's allegations, though lengthy, remain ill-defined and insufficient. Plaintiff fails to specify, for instance, what each of the defendants did or failed to do to violate the IDEA or other laws. Plaintiff simply groups seventy-two defendants together, and makes a conclusory claim that those defendants discriminated against her son and his disabilities. Such unadorned conclusions fail as a matter of law to state a legally cognizable claim.")

2. **Plaintiffs are collaterally estopped from asserting any property rights under or pursuant to New York State Education Law § 409-f**

This is not the first time Plaintiffs have asserted these, or similar, claims. Plaintiffs first brought suit against the New York City Department of Education – also a defendant in this case – and a number of other related entities in October 2012,

PADUANO & WEINTRAUB LLP

Hon. John G. Koeltl,
August 14, 2015
Page 4

asserting claims based on "the alleged deprivation of a protectable property interest without due process." Gym Door Repairs v. New York City Dep't of Educ., 2013 U.S. Dist. LEXIS 129139, *1-2 (S.D.N.Y. Sept. 5, 2013). In that case, in which the Court granted the defendants' motion to dismiss, the plaintiffs asserted a "property interest" based on Education Law § 409-f – the same law Plaintiffs rely on in this case – which the Court denied existed.

> According to Plaintiffs, the combined effect of the Statute, the Regulation and the Specifications is to require the City's schools to utilize Plaintiffs' Safepath System on all electrically operated partition doors subject to the Statute, and to utilize Plaintiffs' services to install, service, repair and maintain the System, and to train and certify maintenance technicians and/or contractors to perform those duties. Compl. ¶ 39. Plaintiffs believe that these requirements have the effect of conveying a property interest to Plaintiffs for all revenue and business opportunities generated from the labor, materials and/or services required in order to comply with the parameters of the Statute, Regulation and Specifications.

Gym Door Repairs v. New York City Dep't of Educ., 2013 U.S. Dist. LEXIS 129139 at *3-4. This Court, however, saw through Plaintiffs' assertions and held that Plaintiffs had no property right or interest in the maintenance contracts for the systems they installed in schools:

> In the face of these well-established norms and laws regarding the awarding of government contracts, *the mere fact that Plaintiffs unilaterally inserted language in their own maintenance instructions that expressly preclude anyone other than Plaintiffs from performing the maintenance*, see Compl. ¶ 38, *cannot have the effect of requiring Defendants to enter into a sole-source relationship with Plaintiffs*. Accordingly, the language in the Regulation requiring that "[a]ll equipment must be maintained in accordance with the manufacturer's instructions" must be understood as mandating conformity with the methods and procedures prescribed by the manufacturer, rather than commanding that the

PADUANO & WEINTRAUB LLP

Hon. John G. Koeltl,
August 14, 2015
Page 5

> manufacturer be vested with the power to determine vendor selection.

Gym Door Repairs, 2013 U.S. Dist. LEXIS 129139 at *14-15.

There are two "essential elements" for collateral estoppel to apply under New York law." Jenkins v. City of New York, 478 F.3d 76, 85 (2d Cir. 2007). "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." Id. (quoting Juan C. v. Cortines, 89 N.Y.2d 659, 667 (N.Y. 1997)).

In this case, this Court has already determined that Plaintiffs have no property right in maintenance contracts under Education Law § 409-f or the '030 Patent. Plaintiffs had ample opportunity to contest the determination of this Court in the prior matter and are now precluded from re-arguing the issues previously decided by this Court.

### 3. The Complaint fails to state a claim for patent infringement

NYS SFA is a professional association of school facilities, facilities managers and personnel, head custodians and health and safety coordinators. It is not – and the Complaint does not allege that it is – a school, and it does not – and the Complaint does not allege that it does – own, use, operate or maintain the gym door safety systems, or put out for bid any contract to do the foregoing. The Complaint also does not allege that NYS SFA manufactures or installs any competing product.

Rather, the Complaint makes conclusory and tenuous allegations of patent infringement against all Defendants that the repair and maintenance of the gym door safety systems by companies other than Plaintiffs – or the inducement of such – is an infringement of Plaintiffs' patents. This wild and unfounded allegation, however, fails even on its own terms.

The First Sale Doctrine, also known as the Exhaustion Doctrine, has been an integral part of patent law in the United States at least since the Supreme Court's 1852 decision in Bloomer v. McQuewan, 55 U.S. 539 (1852). Under this doctrine, the sale of a patented object cuts off – or exhausts – the rights of the patent holder and prevents the patent holder from using patent law to control the post-sale use of the object. See Quanta Computer, Inc. v. LG Electronics, Inc., 553

PADUANO & WEINTRAUB LLP

Hon. John G. Koeltl,
August 14, 2015
Page 6

U.S. 617, 621 (2008) ("[T]he doctrine of patent exhaustion . . . limit[s] the patent rights that survive the initial authorized sale of a patented item").

The related doctrine of permissible repair provides that repairs and maintenance of a patented product are permitted without regard to any restrictions the patent holder attempts to impose.  See Surfco Hawaii v. Fin Control Systems Pty, Ltd., 264 F.3d 1062, 1065 (Fed. Cir. 2001).  "Once a patented product is purchased, the customer has an implied license to use it, including the right to repair the patented article or purchase replacement parts from others." Dräger Med. GMBH v. Allied Healthcare Prods., 2015 U.S. Dist. LEXIS 38917, *7-8 (D. Del. Mar. 27, 2015) (citing Aro Manufacturing Co. v. Convertible Top Replacement Co., 365 U.S. 336 (1961)).  The doctrine of repair is not limited to temporary or minor repairs, but includes maintenance as well.  Aro, 365 U.S. at 346.

Plaintiffs' only allegations to support their cause of action for patent infringement are that (a) Plaintiffs "and their authorized licensees were the only entities that could lawfully follow the '030 Patent to install, inspect, service repair and maintain Safe Path Systems" [Complaint ¶ 103] and (b) that "Defendants" – but not specifically Defendant NYS SFA – put out to bids maintenance and repair contracts for systems installed by Plaintiffs, or induced others to do so.  Even accepting the allegations in the Complaint as true, the Complaint fails to state a claim for patent infringement because of the exhaustion and permissible repair doctrines.

### 4. The Complaint fails to state a claim for copyright infringement

Plaintiffs' allegations in connection with Count III of the Complaint amount to allegations that Defendants – without any attempt to distinguish between 19 different entities and individuals – infringed on Plaintiffs' purported copyright by copying and using the Manufacturer Materials allegedly prepared by Plaintiffs.

First, these bare, conclusory allegations are insufficient to state a claim for copyright infringement against NYS SFA.

Second, even a cursory glance at the Manufacturer Materials attached to the Complaint as Exhibit 6 shows that the purportedly copyrighted materials include materials copied from a company named Optex, which does not appear to be related to Plaintiffs. See Complaint, Exhibit 6 at p. 6.

Third, the statute of limitations for copyright infringement is three years. Therefore, only allegations of copyright infringement between June 2012 and June 2015 are not barred by the statute of limitations.  However the Complaint gives no time

PADUANO & WEINTRAUB LLP

Hon. John G. Koeltl,
August 14, 2015
Page 7

frame in which the alleged copyright infringement took place. That omission is alone sufficient to support a motion to dismiss for failure to state a claim.

### 5. The Complaint fails to state a claim for trademark infringement and unfair competition

Count III of the Complaint alleges infringement of Plaintiffs' trademarks under the Lanham Act. Plaintiffs, however, fail to state a claim on which relief can be granted.

First, the Complaint makes no specific allegations against NYS SFA in connection with the trademark infringement claim. There is no specific allegation that NYS SFA ever used Plaintiffs' trademarks in any way.

Second, an essential element of a trademark infringement claim is a demonstration of likelihood of confusion. See Nike, Inc. v. Top Brand Co. Ltd., No. 00 Civ.8179, 2005 U.S. Dist. LEXIS 42374 (S.D.N.Y. Jul. 13, 2005). Furthermore, trademark infringement requires "a probability of confusion, not a mere possibility." Streetwise Maps, Inc. v. VanDam, Inc., 159 F.3d 739, 743 (2d Cir. 1998). Plaintiffs, however, do no more than make conclusory allegations about the likelihood of confusion in the Complaint and certainly do not even allege that there is a *probability* as opposed to a mere possibility of confusion.

### 6. The cause of action for tortious interference is barred by the statute of limitations

Under New York State law, the statute of limitations for tortious interference is three years. See Amaranth LLC v. J.P. Morgan Chase & Co., 71 A.D.3d 40, 48 (1st Dep't 2009). The Complaint was filed in June 2015, so working backward three years, no claim for tortious interference can withstand challenge under the statute of limitations unless the alleged actions took place more recently than June 2012. Yet Plaintiffs admit in the Complaint that the '030 Patent "expired on October 17, 2011." Complaint ¶ 27. Plaintiffs' entire claim in Count IV of the Complaint, to the extent it alleges anything at all against Defendant NYS SFA, is based on (a) Education Law §409-f and/or (b) the '030 Patent. However, as discussed previously, Plaintiffs are precluded from asserting any property interest based on Education Law § 409-f and Plaintiffs had no rights under the '030 Patent during the period covered by the statute of limitations for tortious interference.

PADUANO & WEINTRAUB LLP

Hon. John G. Koeltl,
August 14, 2015
Page 8

### 7. The cause of action for tortious interference fails to state a claim

There are numerous other deficiencies in Count IV of the Complaint. First, there are no specific allegations that NYS SFA did anything to interfere with any of Plaintiffs' purported business relationships and only the barest of conclusory allegations of any such interference. Second, the Complaint asserts the cause of action for "tortious interference with business relationships." However the Complaint does not specify whether it is alleging interference with *existing* business relationships or *prospective* business relationships. In Count IV, Plaintiffs appear to allege both. But the elements of a cause of action for tortious interference with *existing* business relationships are different than the elements of a cause of action for tortious interference with *prospective* business relationships. Min Aung Wong v. N.Y. Downtown Hosp., 2012 NY Slip Op 33304(U), ¶¶ 15-16 (Sup. Ct.) (quoting Avant Graphics Ltd. v United Reprographics, 252 AD2d 462, 676 N.Y.S.2d 160 [1st Dept 1998]).

Furthermore, by failing to allege the existence of an ongoing contract with the "4,700 school districts in which Safe Path Systems have been installed," [Complaint ¶ 154], or alleging with any specificity the prospective business relationships that Plaintiffs allegedly lost out on, Plaintiffs failed to properly plead a cause of action for tortious interference with existing or prospective business relationships. See Min Aung Wong, 2012 NY Slip Op 33304(U) ("Such conclusory reference to the Clinic's patients is insufficient for this claim, since it fails to identify any patients by name or any specific business relation of which the Hospital was aware, and with which it could have done business, but for the purported interference by the Hospital").

For the foregoing reasons, Defendant NYS SFA respectfully requests a pre-motion conference in accordance with the Court's Individual Rules of Practice.

Respectfully submitted,

*/s/ Jason Snyder*
Jason Snyder

Cc: All counsel (via ECF)

PADUANO & WEINTRAUB LLP

Hon. John G. Koeltl,
August 14, 2015
Page 9

## Certificate of Service

I hereby certify that on the 14th day of August 2015, a copy of the pre-motion conference letter of Defendant NYS SFA was filed with the Court through the CM/ECF system and served on all Filing Users.

Dated: August 14, 2015

Jason Snyder