**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————————

**GYM DOOR REPAIRS, INC. ET AL.**

       **Plaintiffs,**      **15-cv-4244 (JGK)**

    **- against –**        <u>MEMORANDUM OPINION AND</u>
                    <u>ORDER</u>
**YOUNG EQUIPMENT SALES, INC. ET AL.,**

      **Defendants.**

————————————————————————————

**JOHN G. KOELTL, District Judge:**

  The plaintiffs, Gym Door Repairs, Inc., and Safepath
Systems LLC, brought suit against nineteen defendants to obtain
permanent injunctive relief, damages, and attorneys' fees and
costs for the defendants' alleged infringement of the
plaintiffs' patent, copyrights, and trademarks, and---under New
York State law---for unfair competition, tortious interference
with prospective economic advantage, and civil conspiracy. The
defendants opposed the application for injunctive relief, and
filed nine separate motions to dismiss the plaintiffs' Second
Amended Verified Complaint (the "SAC").

  In a Memorandum Opinion and Order dated September 9, 2016,
the Court denied the plaintiffs' application for a preliminary
injunction. <u>See</u> <u>Gym Door Repairs, Inc. v. Young Equip. Sales,</u>
<u>Inc.</u>, No. 15-CV-4244 (JGK), 2016 WL 4742317 (S.D.N.Y. Sept. 12,
2016). In a separate Amended Opinion and Order, the Court
granted in part and denied in part the defendants' motions to

dismiss. See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.,
No. 15-CV-4244 (JGK), 2016 WL 4747281 (S.D.N.Y. Sept. 12, 2016).

Pending before the Court are two motions relevant to the
Amended Opinion and Order. First, individual defendant Carl
Thurnau ("Thurnau") has filed a motion for reconsideration of
the denial of his motion to dismiss the claims against him for
tortious interference with prospective economic advantage and
civil conspiracy. Second, the plaintiffs have moved for
reconsideration of the grant of the dismissal of their claims
against the defendant Eastern Suffolk Board of Cooperative
Educational Services (the "ESBOCES") for tortious interference
with business relationships and civil conspiracy; in the
alternative, the plaintiffs have moved to amend the SAC to add
new allegations that they argue will suffice to state those
claims against the ESBOCES.

For the purposes of these motions, the parties' familiarity
with the facts of the case, procedural history, and underlying
claims is presumed. See Gym Door, 2016 WL 4747281, at *2-4.

For the following reasons, Thurnau's motion for
reconsideration is **denied**; the plaintiffs' motion for
reconsideration is **denied**; and the plaintiffs' request to amend
the SAC is **granted.**

## I.

"The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03 Civ. 2876 (JGK), 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (internal quotation marks omitted). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011) (internal quotation marks omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); see also Assured Guar. Mun. Corp. v. RBS Sec. Inc., No. 13-cv-2019 (JGK), 2014 WL 1855766, at *1 (S.D.N.Y. May 8, 2014).

## II.

Thurnau first argues that the Amended Opinion and Order overlooked that the plaintiffs abandoned their tortious interference and civil conspiracy claims against him. Thurnau contends that he had argued in the opening papers accompanying his motion to dismiss that the patent, copyright, tortious interference with prospective economic advantage, and conspiracy claims against him were time-barred, but that the plaintiffs

3

opposed his timeliness arguments *only* with respect to the patent and copyright claims, meaning that the plaintiffs abandoned their tortious interference and conspiracy claims. Thurnau adds that, because the Amended Opinion and Order concluded that other claims against him were abandoned due to the plaintiffs' failure to address those claims in their papers, the tortious interference and conspiracy claims should have been deemed abandoned as well.

Abandonment should almost never be a ground for reconsideration. There is nothing extraordinary or manifestly unjust about letting an otherwise sufficiently pleaded claim that a plaintiff supposedly did not address "adequately" in response to a Rule 12(b)(6) motion proceed past the pleading stage. Moreover, Thurnau's argument is meritless because, unlike the other claims that were deemed abandoned, the plaintiffs' timeliness arguments on the motion to dismiss were reasonably interpreted to address Thurnau's specific arguments with respect to the timeliness of the tortious interference and conspiracy claims. The Court was in good company in this respect: Thurnau concluded that the claims against him were addressed well enough in the plaintiffs' opposition to warrant substantive responses in his reply papers.[1] See Dkt. 147.

---

[1] In their opposition to Thurnau's motion for reconsideration, the plaintiffs suggest that their claims are also timely due to

Next, Thurnau contends that the Amended Opinion and Order overlooked his arguments that the tortious interference and conspiracy claims against him were time-barred. But the contention was considered, though determined to be without merit. See Gym Door, 2016 WL 4747281, at *31 ("The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, they are either moot or without merit."). As Thurnau concedes, the plaintiffs alleged that Thurnau engaged in certain tortious acts that occurred within the statute of limitations. See Dkt. 245 at 2. Although Thurnau questions the evidentiary weight of these acts, that is plainly not a basis for reconsideration of the denial of a Rule 12(b)(6) motion.

Finally, Thurnau recycles, and hones, essentially the same arguments already found in the papers supporting his motion to dismiss, that the SAC did not adequately state a claim for tortious interference or civil conspiracy. However, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36,

---

additional allegations that they would add to the complaint if leave were granted. As discussed with respect to the plaintiffs' motion for reconsideration, those proffered allegations are irrelevant to Thurnau's motion for reconsideration of the Amended Opinion and Order.

52 (2d Cir. 2012), as amended (July 13, 2012) (quoting Sequa
Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). Thurnau
does not identify any changes in law, extraordinary reasons, or
clear errors that warrant reconsideration.

    Accordingly, Thurnau's motion for reconsideration is
**denied.**

**III.**

    The plaintiffs have moved for reconsideration of the
Amended Opinion and Order to the extent that it dismissed the
claims against the ESBOCES for tortious interference with
business relationships and civil conspiracy, or, in the
alternative, to amend the SAC. The plaintiffs' motion is an
attempt to resuscitate their claims against the ESBOCES that
were dismissed by the Amended Opinion and Order as untimely. See
Gym Door, 2016 WL 4747281, at *22-23.

**A.**

    The plaintiffs argue that, in dismissing their claims for
tortious interference and civil conspiracy as untimely, the
Amended Opinion and Order overlooked certain allegations against
the ESBOCES that occurred within the statute of limitations. The
flaw in the plaintiffs' argument is that the allegations were
not overlooked because they did not exist in the SAC. Indeed,
the plaintiffs have moved to amend the SAC so that they can add
the allegations that were purportedly "overlooked." See Daniel

6

v. T & M Prot. Res. LLC, No. 13 CIV. 4384 (PAE), 2015 WL 783349, at *1 (S.D.N.Y. Feb. 24, 2015) (observing that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced"); Koehler v. Bank of Bermuda Ltd., No. M18-302(CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) ("It is implicit . . . that a motion for *reconsideration* cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been *considered*."). Moreover, none of the new allegations can qualify as based on "new evidence" because, as the plaintiffs concede, all of the purported evidence was available, and in fact known, to the plaintiffs prior to the issuance of the Amended Opinion and Order. Accordingly, the plaintiffs' motion for reconsideration is **denied**.

### B.

`    On the other hand, the plaintiffs' request for leave to amend the SAC is subject to a far more forgiving standard, and thus fares better. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should "freely give" leave to amend a pleading "when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962); Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995). Generally, the "grant of leave to amend the pleadings pursuant to Rule 15(a) is within the

discretion of the trial court." <u>Sanders v. Venture Stores, Inc.</u>, 56 F.3d 771, 773 (7th Cir. 1995) (quoting <u>Zenith Radio Corp. v. Hazeltime Research, Inc.</u>, 401 U.S. 321, 330 (1971)). Undue delay, undue prejudice to the opposing party, and futility of the amendment are among the reasons to deny leave to amend. <u>See</u> <u>Foman</u>, 371 U.S. at 182; <u>see also</u> <u>Rodriguez v. Am. Friends of Hebrew Univ., Inc.</u>, No. 96 Civ. 240 (JGK), 1999 WL 493369, at *1 (S.D.N.Y. July 12, 1999).

The plaintiffs argue that the new allegations directed at the ESBOCES---for example, that the ESBOCES knowingly accepted certain fabricated documents from other defendants, and that the ESBOCES retaliated against the plaintiffs by withdrawing a bid---occurred within the statute of limitations, and suffice to allege timely claims against the ESBOCES for tortious interference and conspiracy.

The decision to grant leave to amend is discretionary, and, although the ESBOCES argues otherwise, it cannot be said that the plaintiffs' request is the product of undue delay or undue prejudice to the ESBOCES. The ESBOCES' primary argument against amendment rests on futility. The ESBOCES contends that the plaintiffs' notice of claim filed on May 1, 2015 (the "Notice of Claim") did not give the ESBOCES sufficient notice of the tortious interference claim. <u>See</u> Kleinberg Decl., Ex. A (The Notice of Claim).

The contention is unpersuasive. As discussed in the Amended Opinion and Order, see Gym Door 2016 WL 4747281, at *22, under N.Y. Educ. Law § 3813(2), "no action or special proceeding founded upon tort may be prosecuted or maintained" against the ESBOCES unless (1) the plaintiff serves within ninety days after the claim arose a notice of claim "made and served in compliance with" N.Y. Gen. Mun. Law 50-e; and (2) the action is "commenced pursuant to the provisions of" N.Y. Gen. Mun. Law § 50-i, which requires, among other things, that the complaint allege compliance with N.Y. Gen. Mun. Law § 50-e. Pursuant to N.Y. Gen. Mun. Law § 50-e, a notice of claim must state the time and nature of the claim.

The ESBOCES contends that the Notice of Claim did not sufficiently set forth the "nature" of the plaintiffs' claim as now conceived by what will be the Third Amended Complaint. "In general, the test of a notice of claim's sufficiency is whether it includes enough information to enable the municipality to investigate the claim adequately. . . . The fact that a cause of action not mentioned in the notice of claim arises out of the same incident as enumerated claims 'is not pivotal; rather, the nature of the claim and the theory of liability are determinative.'" Fincher v. County of Westchester, 979 F. Supp. 989, 1002-03 (S.D.N.Y. 1997) (citations omitted).

Among other things, the Notice of Claim informed the
ESBOCES that the plaintiffs would be pursuing a claim for
"tortious interference with business relationships," that "the
acts complained of are ongoing," and that the claims related to
"[f]ees from contracts for the installation and maintenance of
Safe Path Systems awarded to uncertified vendors." Kleinberg
Decl., Ex. A. The plaintiffs' proposed allegations are plainly
of the same nature, and directly attributable, to the
information set forth in the Notice of Claim. The Notice of
Claim specifically referenced a claim for tortious interference
with business relationships, and the civil conspiracy claim is
based on the same tort. The plaintiffs are not seeking to add a
new type of claim or a new theory of liability to their
complaint, let alone a new claim or theory of the sort that
could not have been anticipated by the ESBOCES, and thus that
would not have been adequately investigated. See, e.g.,
Pastorello v. City of New York, No. 95 CIV. 470(CSH), 2001 WL
1543808, at *9, *13 (S.D.N.Y. Dec. 4, 2001). Permitting the
plaintiffs to amend the SAC to add new allegations directed
against ESBOCES thus cannot be said to be futile.

To the extent that that the plaintiffs have sought to
include in their complaint allegations relating to events that
occurred after the SAC was filed, the plaintiffs' motion is
properly construed as a motion to supplement the pleading

pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. Supplementing the SAC at this juncture would not be dilatory or in bad faith, and no determination could be made that such supplementation is futile. If there is a valid objection to including allegations based on recent events in the plaintiffs' pleading, those arguments can be raised in an answer or a subsequent motion to dismiss.

Accordingly, the plaintiffs' request to file a Third Amended Complaint is **granted**.

### CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, Thurnau's motion for reconsideration is **denied**; the plaintiffs' motion for reconsideration is **denied**; and the plaintiffs' request for leave to file an amended complaint is **granted**. The Clerk is directed to close Dkts. 228, 231, and 246. The plaintiffs are directed to file their Third Amended Complaint within ten (10) days of the date of the filing on ECF of this Memorandum Opinion and Order.

**SO ORDERED.**

**Dated:**    **New York, New York**
             **November 9, 2016**         _____/s/_____
                                            **John G. Koeltl**
                                   **United States District Judge**

11