

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 9/29/17

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

September 25, 2017

**MEMO ENDORSED** 9/25/17

*The discovery issues raised in docket numbers 401, 402, 403, 404, 410 — 415 were resolved at today's conference. See transcript. The Clerk of Court shall mark the motions as closed.*

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

**VIA ECF**

Hon. Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Gym Door Repairs, Inc., et al., v. Young Equipment Sales, Inc., et al.*
Docket No. : 15-cv-4244 (JGK) (AJP)
File No.: 150066S/150066B

*Copy by ECF! to All Counsel       Ja Je Pouted*

**BY ECF**

Dear Magistrate Judge Peck:

This firm represents defendants Eastern Suffolk BOCES ("ESBOCES") and Bellmore Public Schools.

We ask the Court to strike plaintiffs' Third Amended Initial Disclosures, served by email today, September 25, 2017, at 5:29 a.m. A copy of the email is attached as Exhibit A.

Plaintiffs contend they are no longer seeking "lost revenue." Instead, they are seeking "lost profits." *See* Ex. A. The Court should deny plaintiffs' transparent attempt to circumvent Your Honor's September 19, 2017 rulings.

Just six days ago, on September 19, 2017, Your Honor precluded plaintiffs from submitting a new damage theory or asserting damages against defendants other than Carl Thurneau. A copy of the hearing transcript is attached as Exhibit B.

We will spare the Court a lengthy speech attacking plaintiffs or their counsel. The conduct speaks for itself. The Court previously found plaintiffs' conduct, specifically as to discovery on damages, to defy the Federal Rules of Civil Procedure. This most recent attempt should warrant an order of costs in favor of defendants for having to respond with yet another application to the Court.

SOKOLOFF STERN LLP

Hon. Andrew J. Peck
September 25, 2017
Page 2 of 3

    Just six days ago, the Court specifically precluded plaintiffs from asserting damages for the ESBOCES backstop and bleacher bids. *See* Ex. B, pp. 32-33. Yet page 10 of the Third Amended Initial Disclosures lists the following damages:

| | |
|---|---|
| Interference with ESBOCES basketball backstop and bleacher bid | $175,040.76 |

*See* p. 10 of the Third Amended Initial Disclosures, a copy of which is attached as Exhibit C. This attempt is patently improper based on the Court's September 19th rulings.

    The Third Amended Initial Disclosures also seeks another approximately $3.7 million for:

| | |
|---|---|
| Interference with annual SAFE PATH maintenance and staff training Jan, 2010 to present | $714,572.00 |
| Interference with SAFE PATH and partition repairs Jan. 2010 to present | $3,016,346.50 |

    This too directly violates the September 19th rulings, as the Court rejected plaintiffs' prior version, the Second Amended Initial Disclosures, for violating the Federal Rules of Civil Procedure.

    Your Honor specifically held:

> It does not [comply with the F.R.C.P.]. Let me read the rule to you. 'A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based.' Injuries doesn't apply. **Enough is enough. No damages. Damages are precluded as against all defendants except Thurnau.** Take it up with Judge Koeltl. You haven't followed the rules once.

*See* Ex. B, pp 36-37 (emphasis added).

SOKOLOFF STERN LLP

Hon. Andrew J. Peck
September 25, 2017
Page 3 of 3

    Plaintiffs' complete disregard for the Court's prior rulings is further reinforced by plaintiffs' representation the new computations are based on the expert report of Paul Ribaudo (Ex. C, p. 10), an expert precluded by the Court (Ex. B, p. 37) and whom plaintiffs (and the report) previously indicated was only applicable to defendant Thurneau. In addition, the damages sought are based over a 6 year period, in complete contravention of the statute of limitations discussed in resolving the motions to dismiss the complaint.

    We held a meet and confer in person with plaintiffs' counsel, Ms. Daniels, earlier today when the parties were all present for depositions of ESBOCES witnesses. The parties could not reach a resolution, which necessitated this letter.

    We ask the Court to preclude the Third Amended Initial Disclosures and award defendants the costs associated with making this motion.

    Thank you for your consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

ADAM I. KLEINBERG

CC:    All counsel of record (via ECF)