USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10-30-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

**GYM DOOR REPAIRS, INC., ET AL.,**

       Plaintiffs,

 - against -

**YOUNG EQUIPMENT SALES, INC., ET AL.,**

       Defendants.

------

15-cv-4244 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL**, District Judge:

 The movants, Gym Door Repairs, Inc., and Safepath Systems LLC, seek reconsideration of this Court's Opinion and Order dated September 19, 2018, which granted summary judgment dismissing nearly all of the movants' claims against the defendants. Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., No. 15cv4244, 2018 WL 4489278, --- F. Supp. 3d ---- (S.D.N.Y. Sept. 19, 2018). The movants' motion for reconsideration is **denied**.

I.

 Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (internal quotation marks omitted). To succeed on a motion for reconsideration, the movants carry a heavy burden. The movants must show "an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03cv2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014) (internal quotation marks omitted); see also In re Application of Furstenberg Fin. SAS, No. 18mc44, 2018 WL 4625802, at *2 (S.D.N.Y. Sept. 26, 2018).

## II.

The movants first argue that the Court erred by referring to the movants' maintenance materials as "basic" and stating that the movants have "acknowledged that the maintenance requirements for Safe Path Systems are not substantively different from the maintenance for other sensor device products." Mem. at 2. The Court made these statements supporting its holding that defendant Bellmore Public Schools ("Bellmore") was entitled to fair use of the movants' instructional materials. See Gym Door Repairs, 2018 WL 4489278 at *18.

The Court's statements about the basic nature of the materials were supported by the record and related only to the nature of the work, one of four fair use factors. See Harper & Row Publishers v. Nation Enters., 471 U.S. 539, 560-61 (1985) ("The four factors identified by Congress as especially relevant

2

in determining whether the use was fair are: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the substantiality of the portion used in relation to the copyrighted work as a whole; (4) the effect on the potential market for or value of the copyrighted work."). The Court explained that

> Bellmore was not seeking any business from which they would profit from this bid, but rather was seeking to elicit offers to perform work at the public schools in compliance with the bid specifications. Bellmore used only 1.5 pages of the Safe Path training materials in an approximately 25-page bid. . . . [Gym Door Repairs] also has not offered any evidence that Bellmore's use had any effect on the market for the materials.

Gym Door Repairs, 2018 WL 4489278 at *18. Accordingly, the movants' objection does not affect the conclusion that Bellmore is entitled to fair use of the materials.

Next, the movants argue that a fair use determination cannot be made on summary judgment. This argument is plainly without merit. "Summary judgment is proper where, as here, fair use is at issue so long as the facts in dispute would not 'affect the ultimate decision on the fair use question even if resolved in plaintiff's favor.'" Kane v. Comedy Partners, 98 F. App'x 73 (2d Cir. 2004) (summary order) (quoting Maxtone-Graham v. Burtchaell, 803 F.2d 1253, 1259 (2d Cir. 1986)).

Finally, the movants argue that the Court failed to acknowledge the movants' argument that standard industry

3

practice established that their certified dealer program was undermined by the defendants. According to the movants, the Court erred by not considering this argument when dismissing their claims for tortious interference with prospective business relations.

The movants' memorandum of law in opposition to the defendants' summary judgment motions lacks any mention of a standard industry practice supporting its tortious interference claims. "A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced . . . .'" Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (quoting Associated Press v. U.S. Dep't of Defense, 395 F.Supp.2d 17, 19 (S.D.N.Y. 2005)).[1]

In any event, the movants' standard industry practice and certified dealer arguments do not address the movants' failure to proffer evidence to support each of the elements of a claim of tortious interference with prospective business relations – for example, that they had a reasonable probability of entering

---

[1] The movants direct the Court to several parts of their memorandum of law in opposition to the defendants' summary judgment motions wherein they purportedly raised arguments related to standard industry practice and their certified dealer program. See Opp'n at 7, 10-16, 40-44 & n.1, 32. Although the memorandum mentions the movants' certified dealer program, it fails to mention anything about standard industry practice, or to explain how standard industry practice in connection with their certified dealer program supports a claim of tortious interference with prospective business relations.

4

into a business relationship with a third party. See BDCM Fund Adviser, L.L.C. v. Zenni, 962 N.Y.S.2d 11, 15 (App. Div. 2013); see also Gym Door Repairs, 2018 WL 4489278 at *9-15.

In sum, the movants have failed to show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." See N.Y.C. Dept. of Soc. Servs., 709 F.2d at 789.

### III.

After filing this motion for reconsideration, the movants filed a motion for leave to file another, separate motion for reconsideration. The movants requested that the Court grant them leave to file a motion asking the Court to reconsider the part of its September 19, 2018, Opinion and Order finding that "Safe Path Systems LLC engaged in 'naked licensing' of its trademarks to . . . Gym Door Repairs, Inc." Dkt. No. 703.

Such a second motion for reconsideration would be untimely and the movants have not explained why this argument was not included in their previous motion for reconsideration. Moreover, the motion itself states that the movants "are not asking the Court to reinstate the trademark infringement claims against Tri-State and Guardian." Additionally, at an October 18, 2018, conference, the movants' counsel confirmed that even if the movants were provided leave to file such a motion and the Court

changed its naked-licensing holding, the holdings of the Court's September 19, 2018, Opinion and Order would not change.

Because, as conceded by the movants, the motion that they request leave to file cannot influence the holdings in this case, and because the motion is untimely, their motion is **denied**.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the movants' motion for reconsideration is **denied**. The movants' motion for leave to file a second motion for reconsideration is also **denied**. The Clerk of Court is directed to close docket numbers 687, 691, 692, and 703.

**SO ORDERED.**

**Dated:** **New York, New York**
**October 30, 2018**

John G. Koeltl
**United States District Judge**