**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**GYM DOOR REPAIRS, INC., ET AL.,**

              Plaintiffs,

    - against -

**YOUNG EQUIPMENT SALES, INC., ET AL.,**

              Defendants.
────────────────────────────────────

**15-cv-4244 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    The Court has reviewed the Report and Recommendation of Magistrate Judge Wang dated January 28, 2020. In that Report, Magistrate Judge Wang recommends that the Court deny the plaintiffs' request for Rule 11 sanctions against the Guardian Defendants, the Tri-State Defendants and Carl Thurnau (collectively, the "Defendants"). The plaintiffs had sought Rule 11 sanctions based on a small number of documents that the plaintiffs had obtained as a result of a Freedom of Information Law (FOIL) request by a non-party directed to the New Rochelle School District. The plaintiffs claimed that these documents should have been produced in discovery and supported their opposition to the motions for summary judgment that this Court granted against them.

    The plaintiffs have filed objections to the Report and Recommendation and therefore the court must review de novo those

portions of the Report and Recommendation to which objection has been made. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district court may adopt those portions of the Report and Recommendation "to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." Eisenberg v. New England Motor Freight, Inc., 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (citations omitted).

    The brief objections filed by the plaintiffs, Dkt. No. 863, attempt to discuss the relevance of the documents, but the Magistrate Judge correctly noted that the documents "would not have impacted Judge Koeltl's summary judgment decision . . . ." Report at 9 n. 16. More importantly, the Rule 11 motion was improper for numerous reasons, all of which the plaintiffs simply ignored in their objections. More particularly, their Rule 11 motion (1) was directed to a discovery dispute rather than to a proper subject of Rule 11; (2) failed to provide the requisite 21 day safe harbor notice required under Rule 11; and (3) improperly combined their Rule 11 motion with a motion under Rule 37, rather than making their Rule 11 motion separate from any other motion as Rule 11 requires. Any of these defects required denial of the Rule 11 motion and the plaintiffs simply ignored all these defects in their objections. Therefore, the

objections are overruled. The Court adopts the well-reasoned Report and Recommendation of Magistrate Judge Wang and denies the plaintiffs' motion for Rule 11 sanctions.

The Guardian and Tri-State Defendants had also moved for contempt of court against the plaintiffs because the plaintiffs had allegedly sought discovery through the FOIL request after the close of discovery. The Magistrate Judge denied that request on the grounds that the request was made by a third party and there was an insufficient showing that such a request warranted a contempt sanction. There was no error in the Magistrate Judge's conclusion, and it is unclear that any of the Defendants have sought to overturn that conclusion. In any event, the court finds that the denial of contempt sanctions is well-founded, and the Court adopts the finding of the Magistrate Judge.

In an opinion also dated January 28, 2020, the Magistrate Judge denied the plaintiffs' request for Rule 37 sanctions based on the alleged failure of the Defendants to produce the documents that were disclosed as a result of the FOIL request. Federal Rule of Civil Procedure 72(a) requires this Court to set aside any portion of the order under review "that is clearly erroneous or is contrary to law." As a "non-dispositive matter," a Magistrate Judge's pretrial discovery ruling is reviewed under this highly deferential standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). An order is

3

clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." See Easley v. Cromartie, 532 U.S. 234, 242 (2001) (citation and internal quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Thompson v. Keane, No. 95-CV-2442 (SHS), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (citation and internal quotation marks omitted). See also Frydman v. Verschleiser, No. 14-CV-8084 (JGK), 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017).

It is not clear that the plaintiffs have filed a timely appeal from the denial of sanctions under Rule 37. The plaintiffs have not denominated their pleading as an appeal from the Magistrate Judge's ruling, and have referred to Rule 37 only in the final sentence of their objections to the Magistrate Judge's Report and Recommendation relating to Rule 11 sanctions. Even then, the plaintiffs do not detail any objections to the denial of their request for Rule 37 sanctions.

In any event, in this case, far from being erroneous, the Magistrate Judge correctly concluded that there was no basis for imposing any sanctions under Rule 37 because the failure to produce the documents disclosed in response to the FOIL request would not have changed the outcome of the summary judgment motions at all. There were numerous reasons to grant the summary

judgment motions against the plaintiffs and the documents produced in response to the FOIL request would not have changed that result. Therefore, the decision of the Magistrate Judge was not clearly erroneous or contrary to law but was plainly correct.

## CONCLUSION

The Magistrate Judge's Report and Recommendation denying the plaintiffs' request for Rule 11 sanctions is **adopted** and that motion for Rule 11 sanctions is **denied.** Similarly, the request by the Tri-State and Guardian Defendants for contempt sanctions against the plaintiffs is **denied.** The plaintiffs had also sought oral argument concerning these outstanding discovery issues. That request is **denied.** Oral argument on these issues is not warranted.

The Magistrate Judge's denial of the plaintiffs' request for Rule 37 sanctions against the Defendants is **affirmed.**

The Clerk is directed to close Docket Nos. 813 and 867.

**SO ORDERED.**
**Dated: New York, New York**
         **March 11, 2020**

                              ___/s/ John G. Koeltl___
                                **John G. Koeltl**
                         **United States District Judge**

5