```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GYM DOOR REPAIRS, INC., et al.          :
                                        :
                    Plaintiffs,         :    Case No. 15-cv-4244 (JGK)
                                        :
                                        :
                                        :
        -against-                       :
                                        :
YOUNG EQUIPMENTS SALES, INC., et al,    :
                                        :
                    Defendants.         :
------------------------------------------------------------X
```

### PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS

Plaintiffs Gym Door Repairs, Inc. and Safe Path Systems LLC ("Plaintiffs") submit the following objections to the bills of costs filed by The Guardian Parties.

### BACKGROUND

This case was commenced to stop the Defendants from infringing Plaintiffs' intellectual property rights and engaging in unfair practices that were interfering with Plaintiffs' ongoing business relationships. The claims were colorable and well-founded even though they did survive summary judgment. The Defendants conducted discovery pursuant to a joint defense arrangement.

### Transcripts from Pretrial Proceedings

The parties appeared before Magistrate Judge Peck at least seven times to resolve various discovery disputes. Magistrate Judge Peck directed the parties to purchase the transcripts from these pre-trial proceedings and ordered the parties to share the costs, 50% paid by Plaintiff and 50% shared by the Defendants. ECF 917, Ex. P at 46. The Court has not, however, ordered or authorized the defendants to seek reimbursement for the cost of these pre-trial transcripts. Under

Local Rule 54.1(c)(1), "[t]he cost of a transcript of Court proceedings prior to or subsequent to trail is taxable only when authorized in advance or ordered by the Court." Accordingly the Discovery Transcripts should not have been included in the Defendants' bills of costs and should not be taxed against the Plaintiffs.

### Deposition Transcripts

A total of twenty four (24) depositions were taken during discovery in this case, fourteen (14) by the Plaintiffs and ten (10) by the Defendants. However, the Court cited only three depositions in its Memorandum and Order granting summary judgment, Stephen F. Cole and Kathleen Cole, the owners of Plaintiffs, and Mario Ramotar of Total Gym. ECF 685 at 18, 49, 59. And, although the Court referred to Kathleen Cole's deposition on page 18 of its Memorandum and Opinion, it did not rely on her testimony in deciding the motion. ECF 685 at 18.

Under 28 U.S.C. §1920, and Local Rule 54.1(c)(2) of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, the Defendants are entitled to recover the cost of the original transcript and one copy of each deposition that was used by the Court in ruling on the motion for summary judgment. The costs for depositions taken solely for discovery purposes are not taxable unless otherwise ordered by the Court. Id. Some courts in the SDNY have permitted prevailing parties to tax the cost of additional deposition transcripts if at the time the deposition was taken the testimony appeared reasonably necessary to the litigation. See, e.g., Ramos v. City of New York, 2019 U.S. Dist. LEXIS 121622, *5 (S.D.N.Y. July 21, 2019). There has been no such determination in this case. Therefore, the depositions relied upon by Judge Koeltl on summary judgment are the only transcripts that should be taxed against the Plaintiffs.

With respect to the deposition of Stephen F. Cole and Kathleen Cole, Plaintiffs submit that the total amount due to the Defendants on the invoices submitted by the Defendants should also be reduced to reflect the fact that the Defendants violated the seven our rule in conducting these depositions.  Fed. R. Civ. P. 30(d)(1).  Although Judge Peck indicated that he would not enforce the seven hour rule on the Defendants collectively, he did not grant permission for Assistant Attorney General Jonathan Siegel (counsel for Carl Thurnau) to question Kathleen and Stephen Cole for days on end.  The depositions Siegel conducted were videotaped and his questions were repetitive and designed to intimidate and confuse the witnesses.  Plaintiffs should not be forced to pay for multiple days of unauthorized interrogation by Jonathan Siegel, which should have been completed in one seven hour day, as provided in the Federal Rules. [1]

The Guardian Parties filed their bill of costs late, without leave of the Court.  Rather than limiting their bill of costs to the depositions relied upon by the Court in deciding the motion for summary judgment, the Guardian Parties improperly seek reimbursement for additional copies of all 24 depositions taken during discovery.  The Guardian Parties have made no effort to identify which transcripts they relied upon in their motion for summary judgment or otherwise explain how the additional depositions were necessary to the case.  More importantly, there has been no finding of necessity by the Court.  Further, all of the invoices attached to Phillip Furgang's Declaration appear to be unpaid and are duplicative of the deposition costs submitted by Total Gym and Carl Thurnau.  Under Rule 54.1(d)(1), the Defendants are only entitled to the original and one copy of those deposition transcripts necessary to the motion for summary judgement.  Finally, the Guardian Parties seek reimbursement for shipping and handling, exhibits, video

---

[1] At the close of one long day, the court reporter commented to Kathleen Cole that her deposition was an interrogation, not a deposition.

3

services, attorney research, parking, mileage, tolls and meals – none of which are recoverable under 28 U.S.C. 1920 or Rule 54.1.

If the Guardian Parties' bill of costs is considered at all, it must be reduced to zero to eliminate all of the improper charges and duplication identified above. The Guardian Parties, Thurnau and Total Gym should work out among themselves how to share the reimbursements for the original and one copy of the transcripts of Stephen F. Cole and Mario Ramotar.

Dated: July 27, 2020
New York, New York

Respectfully submitted,

*Katherine J. Daniels*

_____

Katherine Daniels, Esq.
KATHERINE DANIELS LLC
768 Peach Lake Road, Box 665
North Salem, New York 10560
Tel: (914) 886-8198
E-mail:
KDaniels@katherinedanielsllc.com

*Attorneys for Plaintiff Gym Door Repairs, Inc. and Safe Path Systems, LLC*

4