```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────

GYM DOOR REPAIRS, INC., ET AL.,

                Plaintiffs,        15-cv-4244 (JGK)

                                                MEMORANDUM OPINION AND

        - against -                  ORDER

YOUNG EQUIPMENT SALES, INC., ET AL,

                Defendants.

─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    This case involves a dispute about and among servicers of electric folding doors and partitions used in school gymnasiums in New York. On June 10, 2020, this Court directed the Clerk to enter judgment dismissing all claims and counterclaims with prejudice. ECF No. 889. After motions for attorney's fees and appeals of the Clerk's Taxations of Costs, this Court referred the matter to the Magistrate Judge for a Report and Recommendation on the motions for attorney's fees and appeals of the Taxations of Costs. ECF No. 960. Magistrate Judge Ona T. Wang issued a Report and Recommendation detailing the appropriate attorney's fees and costs. ECF No. 977. The Magistrate Judge recommended awarding defendant Total Gym Repairs ("Total Gym" or the "Total Gym Defendant") $91,810.00 in attorney's fees and costs largely consistent with the amount of costs determined by the Clerk; denying the plaintiffs' appeal of the Clerk's Taxation of Costs; and denying Qapala Enterprises, Guardian Gym Equipment, and James Petriello (collectively, the

1

"Guardian Defendants") attorney's fees and awarding the Guardian Defendants costs to be calculated by the Clerk. For the following reasons, the Report and Recommendation is adopted in part, with modifications described below.

## I. Background

The Court assumes familiarity with the facts of this case, the Magistrate Judge's Report and Recommendation, and the Court's previous Orders. The plaintiffs, Gym Door Repairs, Inc. and Safepath Systems LLC, brought this suit against 19 defendants, seeking permanent injunctive relief, damages, and attorney's fees and costs for the defendants' alleged infringement of the plaintiffs' patent, copyrights, and trademarks, and for unfair competition, tortious interference with business relationships, and civil conspiracy. In an Opinion and Order dated September 9, 2016, this Court dismissed several claims and defendants from the case. See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., 206 F. Supp. 3d 869 (S.D.N.Y. 2016). Before the Opinion and Order was issued, the plaintiffs entered into a settlement agreement with defendant Educational Data Services, Inc. See id. at 885 n.1. The Court denied motions for reconsideration filed by defendant Carl Thurnau and the plaintiffs and allowed the plaintiffs to file a Third Amended Complaint. Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., No. 15-cv-4244, 2016 WL 6652733, at *1 (S.D.N.Y. Nov. 10, 2016). On March 8, 2017, the Court entered a

Memorandum Opinion and Order granting in part the defendants' motion to dismiss the Third Amended Complaint. Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., No. 15-cv-4244, 2017 WL 933103 (S.D.N.Y. Mar. 8, 2017).

The remaining defendants moved for summary judgment dismissing all remaining claims in the Third Amended Complaint, except that Young Equipment Sales, Inc. and YES Service and Repairs Corporation (together, the "Young Defendants") did not move for summary judgment on the plaintiffs' claim of copyright infringement against them. This Court granted the defendants' motion for summary judgment dismissing all of the plaintiffs' claims except for the copyright infringement claim against the Young Defendants. See Gym Door Repairs, Inc. v. Young Equipment Sales, Inc., 331 F. Supp. 3d 221 (S.D.N.Y. 2018). This Court then denied the plaintiffs' motion for reconsideration of the summary judgment Opinion and Order. Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., No. 15-cv-4244, 2018 WL 5650004 (S.D.N.Y. Oct. 30, 2018). The Young Defendants settled the remaining claim, and all claims in this case have been resolved. See ECF Nos. 776, 889.

The Guardian Defendants and the Total Gym Defendant then moved for attorney's fees and costs, and defendant Thurnau moved for recovery of costs on behalf of the State of New York (the "State"). ECF Nos. 896, 899, 907, 909, 947. The Clerk of the Court issued Taxations of Costs for each set of defendants that

3

moved for costs, detailing the costs owed to the defendants. ECF Nos. 949, 950, 962.  The Guardian Defendants and the plaintiffs appealed the respective Taxations of Costs.  ECF Nos. 951, 963.

The Magistrate Judge issued a Report and Recommendation on the motions for attorney's fees and appeals of the Clerk's Taxations of Costs.  The plaintiffs and the Guardian Defendants timely objected to the Magistrate Judge's Report and Recommendation.

## II.  Legal Standard

When reviewing objections to a Magistrate Judge's Report and Recommendation, the district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The district court "may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  "[I]t is sufficient that the court arrive at its own independent conclusion regarding those portions of the report to which objections are made," and the court "need not conduct a de novo hearing on the matter."  In re Hulley Enters.

4

Ltd., 400 F. Supp. 3d 62, 69 (S.D.N.Y. 2019) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985)).[1]

In determining the amount of an award of attorney's fees, district courts must calculate the "presumptively reasonable fee." Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). "The starting point for determining the presumptive reasonable [fee] is the lodestar amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by the case." Charles v. City of New York, No. 13-cv-3547, 2014 WL 4384155, at *2 (S.D.N.Y. Sept. 4, 2014). "The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons, 575 F.3d at 174 (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112, 118 (2d Cir. 2007)). To arrive at a reasonable fee, courts consider, among other factors, the twelve factors set forth in Johnson v. Ga. Highway Express Inc., 488 F.2d 714, 717-719 (5th Cir. 1974). See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008).[2]

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, emphasis, and internal quotation marks in quoted text.

[2] The twelve Johnson factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations

5

Courts also consider "the rates charged by attorneys of comparable skill, experience, and reputation in the community." Nature's Enters., Inc. v. Pearson, No. 08-cv-8549, 2010 WL 447377, at *9 (S.D.N.Y. Feb. 9, 2010) (Magistrate Judge's Report and Recommendation adopted by the District Court).

"In ruling on applications for fees, district courts must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985).  Billed hours that are "excessive, redundant, or otherwise unnecessary, are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application."  Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998).  Courts do not ask "whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992); see also Walker v. City of New York, No. 11-cv-314, 2015 WL 4568305, at *8 (E.D.N.Y. July 28, 2015).  The fee applicant "bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the

---

imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Arbor Hill, 522 F.3d at 186 n.3.

hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011).

### III. Attorney's Fees

The initial question is whether the Guardian Defendants and the Total Gym Defendant are entitled to an award of attorney's fees as prevailing parties. The Magistrate Judge's Report and Recommendation is persuasive, reasonable, and legally correct in concluding that those defendants are entitled to an award of attorney's fees.

The Guardian Defendants and the Total Gym Defendant are entitled to fees and costs pursuant to the fee shifting provision of the Lanham Act, 15 U.S.C. § 1117, which awards the prevailing party fees in "exceptional" cases. 15 U.S.C. § 1117(a).[3] The following factors are relevant in determining whether a case is exceptional: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 553-54 & n.6 (2014) (applying factors in the context of the fee shifting provision of the Patent Act, 35 U.S.C. § 285); see also Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d

---

[3] The Guardian Defendants and Total Gym are also entitled to attorney's fees for the baseless patent claims and copyright claim asserted against them by the plaintiffs. See 35 U.S.C. § 285 (patent claims); 17 U.S.C. § 505 (copyright claims).

7

519, 530-31 (2d Cir. 2018) (applying the factors listed in Octane to an award of fees pursuant to the Lanham Act).

For the reasons stated in the thorough Report and Recommendation, this is an "exceptional" case that warrants and award of fees to the prevailing parties. The plaintiffs vigorously pursued untenable claims against competitors which were based on theories rejected in other cases. The plaintiffs threatened crippling damages of over $60 million at the outset of the litigation but ultimately claimed damages of about $500,000. Individual claims were enough to survive motions to dismiss but eventually crumbled in response to a motion for summary judgment. As noted in the Report and Recommendation, the plaintiffs attempted to litigate the merits of the action after the summary judgment decision by bringing several unsuccessful motions for sanctions. See ECF Nos. 813, 859, 860, 876. Moreover, this Court found that the plaintiffs' failure to comply with their own discovery disclosure requirements was "egregious." Gym Door Repairs, 331 F. Supp. 3d at 238-39. This is a case that justifies an award of attorney's fees to deter competitors from misusing intellectual property laws to threaten competitors with ruinous damages from lawsuits that have no merit but take time and expense to defend.

The plaintiffs' objections to the Magistrate Judge's Report and Recommendation are baseless. The plaintiffs attempt to relitigate the merits of their case, and cast aspersions on

8

opposing counsel, a prior Magistrate Judge, and a state court judge. ECF No. 979 at 7, 11. It is also odd that the plaintiffs, in an effort to resist an award of attorney's fees now describe the claims against Total Gym as "not complex" although the plaintiffs initially sought $60 million against all defendants and the case consumed almost four years with numerous discovery disputes and judicial opinions. Id. at 16. Because the plaintiffs' objections with respect to the defendants' entitlement to attorney's fees are baseless, the Court adopts the portion of the Report and Recommendation finding that the Guardian Defendants and the Total Gym Defendant are entitled to attorney's fees.

### A. Total Gym

With respect to the amount of fees to be awarded to the Total Gym Defendant, the Court finds that the Report and Recommendation is thorough and well reasoned and adopts it. Total Gym sought $119,587.50 in fees for 478.35 hours of work, billed at an hourly rate of $250. As the Magistrate Judge concluded, the billing rate is very reasonable and consistent with other rates charged for litigation in this District. See, e.g., Tatintsian v. Vorotyntsev, No. 16-cv-7203, 2020 WL 2836718, at *5 (S.D.N.Y. June 1, 2020) (approving partner rates of $375, associate rates of $300, and paralegal rates of $150); Beastie Boys v. Monster Energy Co., 112 F. Supp. 3d 31, 55 (S.D.N.Y. 2015) (approving partner rates of $675); Broad. Music,

Inc. v. Pamdh Enters., Inc., No. 13-cv-2255, 2014 WL 2781846, at *7 (S.D.N.Y. June 19, 2014) (collecting cases approving of $400 hourly rates and above).  The plaintiffs have not questioned the hourly rates charged nor the qualifications of the lawyers who charged those rates.

The Magistrate Judge concluded, and this Court agrees, that some of the hours were excessive.  Although the plaintiffs did not make any specific objections to the actual billing records, the Magistrate Judge conducted a careful review which is undisputed.  The Court agrees with the Magistrate Judge that a reduction of 20% of the fees sought is appropriate.  See Kirsch, 148 F.3d at 173; Capital Recs., Inc. v. MP3tunes, LLC, No. 07-cv-9931, 2015 WL 7271565, at *5 (S.D.N.Y. Nov. 12, 2015) ("It is common practice in this Circuit to reduce a fee award by an across-the-board percentage where a precise hour-for-hour reduction would be unwieldy or potentially inaccurate.").  Therefore, for the reasons explained in the Report and Recommendation, Total Gym is awarded $91,810.00 in attorney's fees.

The plaintiffs' objection to the dollar value of the fees to be awarded to Total Gym is again baseless.  Without scrutinizing the specific billing records, the plaintiffs contend that the Court should reduce the fees by at least 90% because Total Gym had limited financial exposure after the conspiracy claim was dismissed against it in 2016, and because

10

the plaintiffs had previously offered to settle with Total Gym. However, Total Gym is entitled to fees, and after a review of the billing records, the Magistrate Judge and this Court have found $91,810.00 to be reasonable. The plaintiffs do not present any specific billing-related reasons why that number should be reduced, and they provide no legitimate basis for their argued 90% reduction. Because the Magistrate Judge's Report and Recommendation is persuasive, reasonable, and legally correct with respect to the amount of fees owed to Total Gym, and because the plaintiffs' objections are without merit, the Court adopts the portion of the Report and Recommendation awarding Total Gym $91,810.00.

### B. Guardian Defendants

The Magistrate Judge found that the Guardian Defendants are also entitled to attorney's fees, but that because of the lack of documentation submitted with the motion for fees, no fees should be awarded. For the reasons stated in the Report and Recommendation and for the reasons stated above, the Court agrees that the Guardian Defendants are entitled to attorney's fees. The relevant factors—frivolousness, motivation, objective unreasonableness, and the need for compensation and deterrence— all argue in favor of an award of attorney's fees. However, as stated in their objections to the Report and Recommendation, the Guardian Defendants should be permitted to submit documentation to substantiate their estimate of the appropriate fees.

11

Rule 54 requires a party moving for fees to "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(iii). The advisory committee notes provide additional clarity:

> The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees and the amount of such fees . . . .

Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment.

As the Magistrate Judge noted, "the briefest examination of the caselaw would reveal that in successful fee applications, the party submitted contemporaneous time records." ECF No. 977, at 24. However, given that the Guardian Defendants provided an estimate of the attorney's fees in the motion and have attached billing records to their objections to the Report and Recommendation, it is appropriate to consider those records in making a determination of the appropriate attorney's fees. See Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); see also Hernandez Gomez v. 4 Runners, Inc., 769 F. App'x 1, 3 (2d Cir. 2019) (holding that when parties have "largely complied" with a magistrate judge's orders, such parties should be "given a fair opportunity to correct" or

12

"address the minor problems in [their submissions] that the magistrate judge identified"); Yunjian Lin v. Grand Sichuan 74 St. Inc., No. 15-cv-2950, 2020 WL 3072290, at *2 (S.D.N.Y. June 10, 2020). Furthermore, because the Magistrate Judge is most familiar with the litigation over attorney's fees, the Court remands the matter to the Magistrate Judge for a Report and Recommendation on the appropriate amount of attorney's fees for the Guardian Defendants. The Magistrate Judge may consider any appropriate materials including the newly submitted materials from the Guardian Defendants and direct any further submissions that the Magistrate Judge finds appropriate.

## IV. Costs

The plaintiffs and the Guardian Defendants have appealed the Clerk's Taxations of Costs. Unless proscribed by federal statute, the Federal Rules of Civil Procedure, or a court order, prevailing parties are entitled to costs. See Fed. R. Civ. P. 54(d)(1). There is no statute, Rule, or order precluding an award of costs in this case, and therefore, the defendants are entitled to taxable costs.

"Costs" include only the items listed in 28 U.S.C. § 1920. See Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001), abrogated on other grounds by Bruce v. Samuels, 577 U.S. 82 (2016). Among other things, Section 1920 allows for "[f]ees for printed or electronically recorded transcripts necessarily

13

obtained for use in the case." 28 U.S.C. § 1920(2). Local Civil Rule 54.1 provides:

> Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety. Costs for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion. Costs for depositions taken solely for discovery are not taxable.

Local Civ. R. 54.1(c)(2); see also Balance Point Divorce Funding, LLC v. Scrantom, 305 F.R.D. 67, 77 (S.D.N.Y. 2015).

"[C]ourts in this District have repeatedly construed the local rules as authorizing a court to tax the costs of a deposition transcript if, at the time the deposition was taken, the deponent's testimony appeared to be reasonably necessary to the litigation." Ramos v. City of New York, No. 15-cv-6085, 2019 WL 3254964, at *2 (S.D.N.Y. July 21, 2019). The Magistrate Judge correctly concluded that the depositions for which the defendants seek costs were reasonably necessary to the litigation at the time the depositions were taken. This includes the deposition of Stephen J. Cole, who was the custodian for thousands of documents produced by the plaintiffs, and who also provided testimony on the plaintiffs' purported damages. Therefore, even though Stephen J. Cole's deposition was not cited in the defendants' motion for summary judgment, the Guardian Defendants are entitled to recover costs of the transcript. See id. at *3 (awarding costs for a deposition that was reasonably necessary to the litigation, even though the

14

deposition was not cited in the motion for summary judgment or any other dispositive motion).

The Clerk denied all costs to the Guardian Defendants for failure to explain which depositions were used in the motion for summary judgment. Because the other defendants are entitled to costs of the deposition transcripts, the Report and Recommendation correctly concluded that the Guardian Defendants are entitled to transcript costs to the extent invoices are provided in the Guardian Defendants' Bill of Costs, ECF Nos. 921, 947, 948. Moreover, the costs for the transcripts of the discovery conferences are taxable because they were relevant, and Magistrate Judge Peck directed the parties to purchase the transcripts and alternate paying for those costs. See Local Civ. R. 54.1(c)(1) (costs for transcripts "necessarily obtained" are taxable). The Guardian Defendants also sought costs associated with meals, mileage, and parking for depositions. Such costs are not taxable pursuant to Local Rule 54.1, and therefore, the Clerk appropriately denied such costs.

Moreover, Thurnau argues that the State's entitlement to costs should be increased from $20,569.17 to $26,624.57 because the Magistrate Judge found that the defendants are entitled to costs of deposition transcripts that appeared reasonably necessary to the litigation, and that all depositions taken were reasonably necessary to the litigation. This Court agrees that

15

the State is entitled to recover costs of the original plus one copy of each deposition transcript.

However, the Court also agrees with the plaintiffs' objection to the Report and Recommendation that, given the close cooperation among the defendants, the defendants seeking the taxation of costs for depositions should be awarded costs collectively for the purchase of the original plus one copy of each deposition transcript.  See Local Civ. R. 54.1(c)(2) (allowing for costs of "the original transcript of a deposition, plus one copy," to be recovered by the prevailing party).  The plaintiff points out that the defendants shared the costs of discovery conference transcripts among themselves and closely coordinated through the litigation, and therefore, they should have shared costs for the deposition transcripts.[4]  See Brager & Co. v. Leumi Sec. Corp., 530 F. Supp. 1361, 1366 (S.D.N.Y. 1982) (Weinfeld, J.) (allowing for costs of only one copy for a trial transcript where multiple defendants "presented a common defense"), aff'd, 697 F.2d 288 (2d Cir. 1982).

Accordingly, the plaintiffs' and the Guardian Defendants' appeals of the Clerk's Taxation of Costs are granted in part and denied in part.  The plaintiffs' appeal is granted to the extent that the defendants seeking taxation of costs should be entitled collectively to the costs of only one deposition transcript plus

---

[4] To the extent multiple defendants have each attempted to recover costs for the same deposition transcript, the costs should be allocated on a pro rata proportional basis such that each defendant is entitled to its fractional share of the cost of one deposition transcript plus one copy for each deposition submitted in the Bills of Costs.

16

one copy per each deposition.  The plaintiffs' appeal is denied to the extent it seeks to exclude the costs of deposition transcripts from the Taxation of Costs.  The Guardian Defendants' appeal is granted in that they are entitled to deposition transcript costs to the extent provided in ECF Nos. 921, 947, and 948.  It is denied with respect to the costs for meals, mileage, and parking.  The Guardian Defendants, the Total Gym Defendant, and the State are each entitled to its pro rata share of the costs of all depositions for which reimbursement is sought.  The matter is remanded to the Magistrate Judge to determine the precise value of the costs to be awarded to each defendant in accordance with this Memorandum Opinion and Order.  The Magistrate Judge may seek any further input from the parties in calculating the precise costs to be taxed.

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed, the arguments are either moot or without merit.  For the reasons explained above, the Magistrate Judge's Report and Recommendation is adopted in part.  Total Gym's motion for attorney's fees, ECF No. 896, is granted in part, with Total Gym entitled to $91,810.00 in attorney's fees.  The Guardian Defendants' motion for attorney's fees, ECF No. 899, is granted, and the matter is remanded to the Magistrate Judge for a Report and Recommendation on the appropriate amount of attorney's fees.

17

The plaintiffs' and the Guardian Defendants' appeals of the Clerk's Taxations of Costs, ECF Nos. 951, 963, are granted in part and denied in part. The Clerk's Taxations of Costs should be modified in accordance with this Memorandum Opinion and Order. The Guardian Defendants, the Total Gym Defendant, and the State are entitled to the pro rata share of the costs of an original plus one copy for each deposition for which reimbursement is sought. The matter is remanded to the Magistrate Judge enter an award of costs and fees in accordance with this Memorandum Opinion and Order. The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:   New York, New York
          March 26, 2021**                      /s/ John G. Koeltl
                                             **John G. Koeltl
                                          United States District Judge**