UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

GYM DOOR REPAIRS, ET AL.,

                    Plaintiffs,              15-cv-4244 (JGK)

          - against -                 MEMORANDUM OPINION AND
                                           ORDER

TOTAL GYM REPAIRS, ET AL.,

                    Defendant.
────────────────────────────────

JOHN G. KOELTL, District Judge:

In a Report and Recommendation, dated February 22, 2021, Magistrate Judge Ona Wang disposed of various claims and disputes relating to attorney's fees and costs. ECF No. 977. In particular, the Magistrate Judge concluded that the defendant Total Gym Repairs ("Total Gym" or the "Total Gym Defendant") was entitled to an award of attorney's fees in the amount of $91,810.00. Id.

The Magistrate Judge also found that the defendant Guardian Gym Equipment ("Guardian" or the "Guardian Defendants"), was entitled to an award of attorney's fees but, because the Guardian Defendants had failed to submit sufficient documentation for such an award, their request for such an award should be denied. The Magistrate Judge also ruled on various objections to the Bill of Costs that had been determined by the Clerk of the Court. Id. On March 26, 2021, this Court issued a Memorandum Opinion and Order that disposed of the objections to

the Magistrate Judge's February 22, 2021 Report and

Recommendation. ECF No. 989. In particular, this Court

determined that Total Gym was entitled to $91,810 in attorney's

fees. The Court also determined that the motion by the Guardian

Defendants for attorney's fees should be remanded to the

Magistrate Judge for a Report and Recommendation on the

appropriate amount of attorney's fees. Finally, the Court

determined that the Clerk's Taxation of Costs should be modified

so that the Guardian Defendants, the Total Gym Defendants, and

Defendant Carl T. Thurnau ("Thurnau") were entitled to the pro

rata share of the costs of an original copy and one copy of each

deposition for which reimbursement was sought. See id.

After remand, which included several rounds of submissions

of billing information from counsel for the Guardian Defendants,

Furgang & Adwar, LLP ("F&A"), the Magistrate Judge issued the

Report and Recommendation that is now at issue. ECF No. 1044. In

that March 31, 2023 Report and Recommendation, the Magistrate

Judge found that F&A's billing records were unreliable and, in

any event, the request for nearly $700,000 in fees – nearly

eight times the amount awarded to co-defendant Total Gym –

should be reduced for a variety of reasons including excessive

billing, vagueness of billing records, block billing, and

billing for clerical or administrative tasks. The Magistrate

Judge recommended an award of attorney's fees to Guardian of

$56,285. The Magistrate Judge also recommended an award of costs based on the pro rata share of an original and one copy of the relevant depositions in the amount of $25,420.43 to Thurnau, $8,717.91 to Total Gym, and $17,626.61 to Guardian ECF. No. 1044 at 34.

The plaintiffs and Guardian have now raised objections to the Report and Recommendation. See, e.g., ECF Nos. 1048, 1055. Various parties have responded to those objections and Total Gym has sought Rule 11 sanctions against the Plaintiffs based on the Plaintiffs' allegedly frivolous effort to reduce the amount of the attorney's fee awarded to Total Gym and to reduce the amount of the deposition costs to be awarded to Total Gym. See ECF No. 1052 at 3. Although defendant Tri-State has no pecuniary interest in the issues determined by the Magistrate Judge, Tri-State has added its support for the reduction of fees awarded to Guardian. See ECF No. 1059. For most of the litigation, F&A was also representing Tri-State.

## I.

The Court reviews de novo each of the elements of the Report and Recommendation to which an objection has been filed. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The Court may adopt those portions of the Report and Recommendation "to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions

3

set forth in those sections are not clearly erroneous." United States Sec. & Exch. Comm'n v. Collector's Coffee Inc., 603 F. Supp. 3d 77, 83 (S.D.N.Y. 2022) (citing Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985)).[1] There are no portions of the Report that were not objected to that are clearly erroneous.

The Court -- after carefully considering the thorough Report and Recommendation and the objections -- concludes that the objections have no merit and the Report and Recommendation, on de novo review, is amply supported. The Court therefore adopts the Report and Recommendation.

**A.**

The plaintiffs have raised two objections to the Report and Recommendation, the first concerns the issue of the award of costs for the depositions, and the second relates to a request for an additional reduction in the attorney's fees to be awarded to Total Gym and to Guardian.

**i.**

The plaintiffs argue that the Magistrate Judge should not have awarded the pro rata costs of the relevant depositions plus one copy to defendants Thurnau, Total Gym, and Guardian. See ECF

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

No. 1048 at 7-9. The plaintiffs argue that the defendants used a court reporting service that provided electronic copies of the depositions to the defendants and therefore it was improper to provide the relevant defendants with the pro rata costs of each deposition and one copy. See ECF No. 1048 at 9.

This objection is overruled for many reasons. The plaintiffs originally argued to the Magistrate Judge that the defendants should be provided with the pro rata costs of the relevant depositions and one copy before the Magistrate Judge issued the Report and Recommendation on February 2, 2021. See ECF No. 979 at 16. That request was consistent with the Local Civil Rule 54.1, which was carefully followed by the Magistrate Judge. See ECF No. 977 at 26-28.

The plaintiffs provide no legal basis for their new request to limit the recoverable costs for the depositions. The request is also foreclosed by the fact that there was no objection filed by the plaintiffs to that portion of the Magistrate Judge's February 2, 2021 Report and Recommendation, as indeed there could not be, because the Magistrate Judge followed the request of the plaintiffs. All that the Magistrate Judge did in the March 31, 2023 Report and Recommendation was to calculate the pro rata share of the relevant depositions with one copy to assess the costs recoverable by Thurnau, Total Gym, and Guardian. The plaintiffs have not suggested that those

calculations are in any way inaccurate. Therefore, the

plaintiffs' objection to the Magistrate Judge's calculation of

the costs recoverable by Thurnau, Total Gym, and Guardian for

the relevant depositions and copies is overruled.

**ii.**

The plaintiffs also argue that the attorney's fees awarded

to the Guardian Defendants should be reduced to reflect the fact

that attorney's fees are recoverable in this case only for the

Patent, Copyright, and Lanham Act Claims (the "Recoverable

Claims") that were rejected, but not for the tortious

interference with business claims for which attorney's fees were

not recoverable. See ECF No. 1048. The plaintiffs argue that the

prior award of the attorney's fees to Total Gym in the amount of

$91,810 should be reduced by some percent to reflect that only

the amount of fees spent on defending against the Recoverable

Claims are eligible for reimbursement by the plaintiffs. Id. at

9. The plaintiffs also argue that the fee award to the Guardian

Defendants should also be reduced by some percentage to reflect

that only reimbursement for the fees attributable to defending

against the Recoverable Claims should be awarded. These

objections are overruled. Id.

With respect to the attorney's fees awarded to Total Gym,

those fees were determined by the Magistrate Judge in the

February 22, 2021 Report and Recommendation. ECF No. 977. While

the plaintiffs objected to that Report and Recommendation on the

grounds that the fees sought by Total Gym were excessive, see

ECF No. 979 at 15-16, the plaintiffs did not argue that the fees

should be apportioned between the Recoverable Claims and the

fees necessary to defend against the claim of tortious

interference with business relations. That objection is

therefore waived, and there is no jurisdiction to review it now.

See Thomas v. Arn, 474 U.S. 140, 155 (1985); IUE AFL-CIO Pension

Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v.

Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair

Ltd., 838 F.2d 55, 58 (2d Cir. 1988); McCarthy v. Manson, 714

F.2d 234, 237-38 (2d Cir. 1983).

Moreover, this Court adopted the Report and Recommendation

with respect to the award of fees to Total Gym: "Because the

Magistrate Judge's Report and Recommendation is persuasive,

reasonable, and legally correct with respect to the amount of

fees owed to Total Gym, and because the plaintiffs' objections

are without merit, the Court adopts the portion of the Report

and Recommendation awarding Total Gym $91,810.00." ECF No. 989

at 11. While the Court remanded several issues to the Magistrate

Judge, including the proper amount of attorney's fees to be

awarded to the Guardian Defendants and the pro rata amounts of

the deposition costs, the amount of attorney's fees to be

awarded to Total Gym was not among them. See id. at 17-18. The

plaintiffs did not move for reconsideration of that decision and there is no basis for reconsideration now. Indeed, for the reasons explained below, the argument that fees should be reduced because fees are only recoverable on the Recoverable Claims is without merit.

The plaintiffs also argue that the amount of fees awarded to the Guardian Defendants should be reduced by some percentage to reflect the fact that only fees incurred in defending against the Recoverable Claims are recoverable and not fees for defending against the claim for intentional interference with business relations claims. However, the Magistrate Judge explained that the vagueness of the F&A billing records made it impossible to segregate the time entries related solely to the Recoverable Claims. See ECF No. 1044 at 27-29. Accordingly, the Magistrate Judge took a 20% reduction for the vagueness of the entries. Given the number of reductions justified in this case, and the interrelatedness of the claims (in particular, the Lanham Act claims and the tortious interference claims), this was a reasonable reduction, and no further reduction on this basis would be reasonable. Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)(affirming a reduction of 20%); see also Raja v. Burns, 43 F.4th 80 (2d Cir. 2022); Ritchie v. Gano, 756 F. Supp. 2d 581, 583 (S.D.N.Y. 2010); Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, 188 F. Supp. 3d 333,

344 (S.D.N.Y. 2016). Therefore, the plaintiffs' objections that
the Magistrate Judge should have imposed an additional reduction
on the Guardian fees is overruled.

**B.**

The Guardian Defendants object to the Magistrate Judge's
reduction of their claimed fees from almost $700,000 to $56,285.
ECF No. 1055, ECF No. 1044 at 34. These objections are
overruled. The Magistrate Judge detailed the reasons that the
billing records submitted by F&A were highly unreliable. ECF No.
1044 at 14-23. The Magistrate Judge then detailed numerous
specific objections to the billing records and took appropriate
discounts for excessive billing, vagueness, block billing, and
charges for clerical and administrative tasks. Id. at 23-33. In
response, the Guardian Defendants challenge a few of the
examples used by the Magistrate Judge, see ECF No. 1055 at 21-
24, but do not come close to challenging the numerous examples
cited by the Magistrate Judge that led the Magistrate Judge to
distrust the billing records supplied, and to reject individual
entries. See ECF No. 1044 at 14-23.

Indeed, it is breathtaking that the Guardian Defendants
sought almost $700,000 for the work of its counsel who, for most
of the period, was also representing a co-defendant – Tri-State.
F&A represented that it was splitting the time charged between
the Guardian Defendants and Tri-Sate, with each bearing half the

9

cost of representation. ECF Nos. 1017 at 13:5-21, 1044 at 36.

That would mean that F&A charged nearly $1.6 million while its

co-defendant was awarded about $91,000 in attorney's fees for

similar representation. F&A provides no persuasive explanation.

One particular objection by the Guardian Defendants

warrants mention. The Magistrate Judge determined to exclude

time entries for attorney's fees after October 30, 2018 because

by that time, the Guardian Defendants had succeeded in having

the claims against them dismissed and the Magistrate Judge

concluded that the subsequent work was in connection with

obtaining a fee award and such work was not reasonably

compensable. ECF No. 1044 at 24; see Comm'ns Imp. Exp. S.A. v.

Republic of the Congo, 19 MISC. 195 (KPF), 2021 WL 4991716, at

*7 (S.D.N.Y. Oct. 27, 2021) ("While the Court has awarded [fees

on fees] in the past, it will not do so here."). The Guardian

Defendants do not contend that they are entitled to fees for the

collection of fees, but object that there was other work after

October 31, 2018 that was not in connection with recovering

attorney's fees. ECF No. 1055 at 3-4, 15-20; ECF No. 1060 at 4-

5. However, a review of the docket sheet reflects that the vast

amount of the work was in connection with the attempted recovery

of fees and was caused by the problems in obtaining reasonably

accurate billing records from F&A. The additional work that is

reflected in the docket appears to address matters such as

10

sanctions motions related to the production of documents, but the Guardian Defendants do not explain how that work was substantial or how it was compensable in connection with the specific Recoverable Claims.

Therefore, the Court overrules the objections by the Guardian Defendants to the Report and Recommendation with respect to the award of $56,285 for attorney's fees to the Guardian Defendants. The Report and Recommendation is thorough and well-reasoned and should be adopted.

Finally, Total Gym seeks Rule 11 sanctions against the plaintiffs for having sought to reduce the attorney's fees awarded to Total Gym and for attempting to reduce the costs awarded to Total Gym. ECF No. 1052 at 15-18. The application is plainly improper under Rule 11. It is not made in a separate motion and there is no indication that the required notice and opportunity to withdraw was provided to the plaintiffs. See Fed. R. Civ. P. 11(c)(2). Moreover, while extremely misguided, it could not be said that the plaintiffs' objections violated Rule 11. The request for Rule 11 sanctions is denied.

### Conclusion

The Court has considered all the arguments by the parties. To the extent not specifically discussed, the remaining arguments are either moot or without merit. The Court adopts the Magistrate Judge's Report & Recommendation in its entirety.

11

Accordingly, the objections to the Report and Recommendation of the Magistrate Judge dated March 31, 2023 are **overruled.** Any motion by Total Gym for Rule 11 sanctions is **denied.** The Clerk is directed to close all open motions.

**SO ORDERED.**

Dated:    **New York, New York**
            **September 29, 2023**

                                         **John G. Koeltl**
                              **United States District Judge**