```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------

GYM DOOR REPAIRS, ET AL.,

                Plaintiffs,         15-cv-4244 (JGK)

    - against -                   MEMORANDUM OPINION AND ORDER

TOTAL GYM REPAIRS, ET AL.,

                Defendant.

--------------------------------------

**JOHN G. KOELTL, District Judge:**

The defendants, Qapala Enterprises, Inc., James Petriello, and Guardian Gym Equipment ("Guardian" or the "Guardian Defendants"), have moved for reconsideration of this Court's Memorandum Opinion and Order dated September 29, 2023 (the "Opinion"), see ECF No. 1063, that overruled the Objections to the Report and Recommendation of Magistrate Judge Wang dated March 31, 2023. See ECF No. 1044. In the Report and Recommendation, the Magistrate Judge recommended, and this Court affirmed, that the attorney's fees requested by Guardian should be reduced from a requested $688,286 to $56,285. See ECF No. 1044, at 23; ECF No. 1063, at 11. The Court agreed with the Magistrate Judge that the fees sought were grossly excessive.

I.

The Guardian Defendants have now moved for reconsideration of two points in this Court's Opinion. See ECF Nos. 1073, 1071. First, the Guardian Defendants claim that this Court erred in

affirming the Magistrate Judge's decision to exclude all fees sought for time expended after October 30, 2018. Second, the Guardian Defendants claim that this Court erred in affirming the Magistrate Judge's determination of a reasonable hourly rate for Guardian's attorneys. Neither argument is a basis for reconsideration.

## II.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011).[1] To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced . . . ." Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). Moreover, "the decision to grant or deny a motion for

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 3-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014).

### III.

#### A.

The Guardian Defendants claim that this Court erred in affirming the Magistrate Judge's decision to exclude attorney's fees for time expended after October 30, 2018 because, by that time, the Guardian Defendants had succeeded in having the claims against them dismissed and the Magistrate Judge concluded that the subsequent entries were substantially in connection with obtaining a fee award and that work was not compensable. The Guardian Defendants claim that there was work that was compensable and point to the time entries for work on the motions for sanctions. However, this Court correctly concluded that the vast amount of work was in connection with obtaining fees. See ECF No. 1063, at 10-11. The Guardian Defendants have failed to show that the remaining work on issues such as sanctions was substantial and related to compensable issues, particularly in view of the unreliability of the time records submitted by the Guardian Defendants.

#### B.

The Guardian Defendants also claim that this Court erred in not overruling the Magistrate Judge's use of a $250 hourly

3

billing rate for the Guardian attorneys. The Guardian Defendants argue that they were justified in charging a fee of about $360 per hour, and claim that this was brought to the Court's attention. See ECF No. 1071-1, at 12 (quoting ECF No. 998). But this argument was made in the Guardian Defendants' briefing before the Magistrate Judge, see ECF No. 998, at 3-5, and not in the Objections made to the Magistrate Judge's Report and Recommendation. See ECF. No. 1055, at 28. In the original Objections to the Report and Recommendation, the Guardian Defendants claimed that the hourly rate it sought was reasonable and pointed to prior filings, see ECF Nos. 899, 900, 903, but those filings did not justify the rate sought and, at most, simply alleged that the rate charged by the Guardian Defendants was reasonable. A motion for reconsideration is not an opportunity to make a new argument. See Liberty Media Corp., 861 F. Supp. 2d at 265.

In any event, the $250 hourly rate was wholly reasonable in this case. The Magistrate Judge in her Report and Recommendation pointed out that the hourly rate charged by the attorneys for the Total Gym co-defendant was $250 per hour and that rate was within the reasonable rates in this District. See ECF No. 1044, at 13-14. The Magistrate Judge had previously used that rate for awarding attorney's fees to the Total Gym defendant, see ECF No. 977, at 21, and it would have been unreasonable to approve a

4

higher rate for the Guardian attorneys. Moreover, the work that the Guardian attorneys did was similar to the work done by the Total Gym attorneys. Indeed, the Guardian attorneys filed "me too" motions relying on the work of the Total Gym attorneys. See ECF No. 1044, at 14. In the motion for reconsideration, the Guardian attorneys ignore the rationale for the Magistrate Judge's Report and Recommendation.

## Conclusion

The Court has considered all the arguments by the parties. To the extent not specifically discussed, the remaining arguments are either moot or without merit. The motion for reconsideration is **denied**. The Clerk is directed to close ECF No. 1073.

**SO ORDERED.**

Dated:   New York, New York
         **November 1, 2023**

                                      **John G. Koeltl**
                            **United States District Judge**